356 So.2d 1317 (1978)
COOLAIRE NORDIC INTERNATIONAL CORPORATION, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY, and Leroy Green, Respondents.
No. 76-2332.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
*1318 Edna L. Caruso of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for petitioner.
Kenneth H. Hart, Jr., Gen. Counsel, Tallahassee, and James R. Parks, Miami, for respondent-Florida Dept. of Commerce.
MOORE, Judge.
In this petition for writ of certiorari to review an order of the Florida Industrial Relations Commission, the Petitioner-employer seeks to set aside the Commission's order granting unemployment compensation benefits to the Respondent-employee, Leroy Green.
The Respondent was employed by Petitioner from 1969 to August 1975 at which time he resigned, claiming that his resignation was with good cause attributable to his employer. In 1973, the employer was located in Perrine, Florida which was in the area of Respondent's residence. Due to a merger, the employer decided to move its plant to Hollywood, Florida, some distance from Respondent's residence. In doing so the employer notified all employees, including the Respondent, that it would provide transportation from Perrine to Hollywood at company expense for all employees who wished it for a period of six months. In early November 1974, more than six months later, the employer notified all employees that free transportation would be terminated on November 30, 1974 and all employees were requested to make their own transportation arrangements.
Upon termination of company transportation in November 1974, the Respondent rode to work in a private car pool and thereafter made arrangements for transportation with another employee who had the benefit of an employer-owned automobile. In August 1975, the employer took back its owned automobile whereupon the Respondent advised his supervisor that he was quitting because he had no transportation. The supervisor requested him to seek transportation and advised that his job would be kept open for two weeks while Respondent was attempting to do so. Thereupon, Respondent left his employment and subsequently filed this claim. The Respondent acknowledges receipt of the original notice which provided for company transportation for six months only, and receipt of the November 1974 notice of discontinuance of such transportation.
Upon this basis a Claims Examiner determined that Respondent was eligible for benefits without disqualification. This decision was made without the benefit of receiving evidence or testimony and thereafter an Appeals Referee, who received evidence and testimony, reversed the Examiner, holding that Respondent was not entitled to benefits because he had voluntarily left his employment without good cause attributable to his employer. On review the Industrial Relations Commission (IRC) reversed, holding that the employer had broken a condition of the employment, to wit: depriving Respondent of transportation without providing adequate notice thereof. Thus, IRC found that Respondent left his employment with good cause attributable to his employer. The Industrial Relations Commission found:
"The claimant arranged for his own transportation from November 1974 until May 1975, then in May the employer furnished to claimant and the co-worker transportation which continued until the separation date. The provision, by employer, of this transportation in May was an alteration of the contract of claimant's employment and this condition was broken by the employer when it suddenly deprived him of his means of transportation... ."
There is no support in the record for these findings. To the contrary, Respondent *1319 acknowledged that he knew he would have to find his own transportation since November 1974 and, in fact, did so. He rode in a car pool with other employees until May 1975 and then rode in a company car with a co-worker who was the only one supposed to use it as admitted by Respondent. For two or three days a week he also drove his cousin's car. The employer never furnished an automobile to Respondent. Accordingly, the decision of the Industrial Relations Commission must be reversed.
We have not been asked, nor do we offer, to render an opinion as to whether or not an employee, under the facts here presented, would be entitled to benefits because his employer moved its operations to a distant location.
Certiorari is granted and the order of the Florida Industrial Relations Commission is quashed, and this cause remanded with instructions to enter an order consistent with this opinion.
Certiorari granted, with directions.
ALDERMAN, C.J., and DOWNEY, J., concur.