421 So.2d 818 (1982)
Anna ROSA, Appellant,
v.
JEFFERSON's STORES, INC., and Unemployment Appeals Commission, Appellee.
No. 82-628.
District Court of Appeal of Florida, Fourth District.
November 17, 1982.
Richard W. Smith of Johnson & Smith, Fort Lauderdale, for appellant.
*819 James R. Parks and Norman A. Blessing, Tallahassee, for appellee.
BERANEK, Judge.
This is an appeal from the denial of an unemployment compensation benefits claim. We affirm. The employer had a policy which allowed discounts to employees and to members of their immediate family residing in the home of the employee. Appellant was well aware of this store policy when she allowed her son to use her discount card. The factual question was whether the son was residing in the home of his mother. Appellant was terminated because she allowed her son to use her discount card.
The matter was presented to the appeals referee on the basis of conflicting evidence. At least one witness, a store supervisor, testified that appellant herself had previously stated her son had married, bought a home, and moved to a different city. When the appellant gave the card to her son, the same store supervisor told her she should not do so. Appellant was confronted and questioned regarding the incident immediately after giving the card to her son, and at that time she told another store supervisor that she did not know of the policy, and she offered to repay the money involved. Appellant did not say that her son lived in her home when she was initially confronted nor when her employment was later terminated. Eventually, while attempting to regain her job, she said her son was staying in her home temporarily due to a marital spat.
The appeals referee noted the existence of conflicting testimony and specifically chose not to accept the appellant's testimony. The question was one of credibility. Our function, as a reviewing court, is not to decide whether we believe appellant to have told the truth before the appeals referee. Questions of credibility are for the fact finder. The order below is supported by competent, substantial evidence, and is hereby affirmed. Bagwell Lumber Company v. Florida Department of Commerce, Division of Employment Security, 353 So.2d 1261 (Fla. 2d DCA 1978).
AFFIRMED.
HURLEY, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
In my view the only evidence before the referee was that Mrs. Rosa's son did reside with her at the critical time. It appears that Mrs. Rosa was the victim of a misunderstanding resulting from her impaired hearing, which required the use of a hearing aid, and her emotional response upon being confronted after the incident took place. I realize that the hearing officer is the one to determine the credibility of witnesses, but I simply do not feel that her testimony and the documentary evidence of the son's residence with her was sufficiently impeached to permit the officer to reject that evidence. That being the case I would reverse the Commission decision and direct that the appellant's claim be allowed.