456 So.2d 528 (1984)
Daniel KACSIR, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION and Pacific Intermountain Express Company, Appellees.
No. 83-2777.
District Court of Appeal of Florida, Third District.
September 18, 1984.
Daniel Kacsir, in pro. per.
John D. Maher, Tallahassee, for appellees.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Daniel Kacsir appeals an order of the Unemployment Appeals Commission which *529 affirmed the decision of the appeals referee finding Kacsir ineligible to receive unemployment benefits from May 4, 1983, the date of his resignation, to July 12, 1983, the date of a company merger. On appeal, Kacsir asserts that he quit his job for good cause: the company substantially reduced his pay and misrepresented the duration of his position. § 443.101(1)(a), Fla. Stat. (1981).
A reviewing court may not overturn a hearing officer's findings of fact when those findings are supported by competent, substantial record evidence. See Fort Myers Pump & Supply, Inc. v. Florida Department of Labor & Employment Security, Division of Employment Security, 373 So.2d 429 (Fla. 2d DCA 1979). In this case, the record supports the hearing officer's findings that Kacsir could have continued to work from May 4, 1983, to July 12, 1983. In his original appeal of the claims adjuster's decision, Kacsir listed six "company" reasons and four "personal" reasons for quitting. A transcript of the telephone hearing conducted by the appeals referee reveals that Ed Aumer, Kacsir's employment supervisor, testified that Kacsir told him he wanted to return to the midwest in April, rather than in July, because the employment opportunities were greater in April. Kacsir admitted that this was a factor in his resignation. Thus, the hearing officer could have concluded that Kacsir resigned for reasons other than those advanced in this appeal.
Conflicts in the testimony presented questions of credibility to be determined by the fact-finder, here the appeals referee. See Florida State Board of Dental Examiners v. Feinglass, 166 So.2d 686 (Fla. 3d DCA), cert. dismissed, 168 So.2d 146 (Fla. 1964). Finding that the order appealed is supported by competent, substantial evidence, we affirm.
Affirmed.