463 So.2d 465 (1985)
SEARS, ROEBUCK & COMPANY, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Garry C. Ganey, Sr., Appellees.
No. 84-1438.
District Court of Appeal of Florida, Second District.
February 6, 1985.
William E. Sizemore and Linda Renate Klein of Thompson, Sizemore & Gonzalez, Tampa, for appellant.
Judy L. Harrelson, Tallahassee, for appellee Unemployment Appeals Commission.
DANAHY, Judge.
Appellee Ganey was discharged by appellant (Sears) and applied for unemployment compensation benefits. A claims examiner allowed benefits and Sears appealed. Hearings were held before an appeals referee, who approved the action of the claims examiner in allowing benefits. On appeal by Sears, the Unemployment Appeals Commission affirmed the conclusion of the appeals referee. Sears then appealed to this court.
The issue is whether Sears established that Ganey was discharged for misconduct connected with his work. If so, Ganey would be disqualified for benefits under section 443.101, Florida Statutes (1983). As a starting point, we set forth below the definition of misconduct contained in section 443.036(24), Florida Statutes (1983):

*466 (24) MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
Ganey was employed as a supervisor by Sears in its St. Petersburg distribution warehouse. During a routine exit interview, a resigning female employee named Bogle alleged that Ganey had made a number of passes at her and that he had also sexually approached a minor female co-worker named Foster, a high-school student who worked part time as part of a work-study program. Sears undertook an investigation and obtained written statements from Bogle and Foster alleging that Ganey had made advances to them. Ganey himself admitted that he kissed Foster on the cheek during working hours and on company property. The Sears management thereupon discharged Ganey for misconduct.
At the hearing before the appeals referee, the only witnesses were Ganey and two representatives of Sears. The written statements of Bogle and Foster were proffered by the Sears people, but Sears was unable to produce either woman to testify. Ganey did testify and in his testimony admitted that he kissed Foster on the cheek. In explaining why Ganey was discharged, the Sears representatives testified that there was a company policy against conduct of that kind and, therefore, Ganey was discharged for misconduct connected with his work.
The appeals referee properly placed the burden on Sears to establish that Ganey was discharged for misconduct. He concluded that Sears had not met its burden because the written statements of Bogle and Foster were hearsay and there was not sufficient evidence to allow such hearsay testimony to be considered for the purpose of buttressing the direct evidence. Finding that Sears had not met its burden, the appeals referee ruled in favor of Ganey and the Unemployment Appeals Commission affirmed.
We disagree with the conclusion that Sears failed to meet its burden of proof in this case. Ganey, who is 32 and married, frankly admitted that he kissed a young female co-worker who was, at least at times, under his supervision. Ganey described the kiss as completely innocuous. That, however, is not the point. The point is that the act constituted a clear violation of an express policy of his employer which was adopted in order to prevent, to the extent possible, actions against the employer based on sexual harassment. We believe, under the circumstances of this case, that Sears met its burden of establishing misconduct on the part of Ganey even though it failed to present the testimony of the two former female employees to whom Ganey allegedly made advances.
Accordingly, we reverse the order of the Unemployment Appeals Commission and remand with directions that an appropriate order be entered disqualifying Ganey from unemployment compensation benefits in this case.
REVERSED AND REMANDED.
RYDER, C.J., and FOGLE, HARRY W., Associate Judge, concur.