MILLS, Judge.
The issue in this appeal is whether there is competent, substantial evidence in the record and a reasonable basis in the law to support the denial of unemployment compensation benefits. Benefits were denied after a hearing wherein Ms. Lewis was found ineligible because she had been fired for misconduct connected with work.
Beverly Lewis worked for Modern Aids, Inc. for six months until she was fired for excessive personal use of telephones and excessive presence of her family members in her office during work hours. Her request for unemployment compensation was denied because she had been discharged for misconduct. A telephonic hearing was conducted by an appeals referee which led to a further denial of benefits. The referee found that Lewis had been warned of her misconduct and that, though there was not a preponderance of evidence presented indicating misuse of phones, the questions of the excessive presence of her family in the office were resolved in favor of the employer. Her employer specifically remembered Lewis’ family being in the office between three and five times a week for up to two hours at a time. The referee concluded that Lewis’ actions met the statutory definition of “misconduct connected with work” which was sufficient to disqualify her from receipt of benefits. This decision became final agency action and thus ap-pealable to this court when affirmed by the Unemployment Appeals Commission.
Lewis argues that since the office ran smoothly and without customer complaint, she should be eligible for benefits. She contends that her children’s visits were short-lived and nondisruptive. Lewis asserts that when her husband was present at Modern Aids it was to see the manager, not her, and that his presence should not cost her benefits.
The Commission correctly states that agencies and reviewing courts cannot reject or modify findings of fact of appeals referees absent competent, substantial evidence to the contrary. Sections 120.-57(l)(b)9 and 120.68(10), Florida Statutes (1983). We agree there is competent, substantial evidence that claimant’s conduct falls within the ambit of Section 443.-036(24), Florida Statutes (1983), which defines misconduct connected with work as:
(a) ... deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) ... substantial disregard of the employer’s interests or the employee’s duties and obligations to his employer.
Repeatedly allowing family members to be on the work premises during business hours, after having been warned not to, is a direct violation of the employer’s reasonable requirement. Section 443.101(1) of the Unemployment Compensation Act, Florida Statutes (1983), clearly authorizes an individual be disqualified for benefits when discharged for misconduct connected with work.
The denial of benefits for the reasons stated in the appeals referee’s decision is affirmed.
SMITH and THOMPSON, JJ., concur.