503 So.2d 428 (1987)
Phyllis GAINER, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION, and United States Postal Service, Appellees.
No. 86-892.
District Court of Appeal of Florida, Third District.
March 3, 1987.
Donald M. Papy, Miami, for appellant.
John D. Maher, Tallahassee, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
*429 PER CURIAM.
This is an appeal from an order of the Florida Unemployment Appeals Commission denying unemployment benefits to Phyllis Gainer, the claimant. The order under review overturned a decision by the appeals referee, who, after a full evidentiary hearing, found Gainer qualified to receive benefits.
The issue before the referee and the Commission was whether Gainer was guilty of misconduct when she undeniably violated her employer's requirement of providing medical substantiation for absences from work of greater than three days. The referee found that Gainer's failure in this regard came about
"because she was suffering from drug addiction.... [T]he claimant's prolonged absence was caused by a medically related illness of drug addiction... . Since the claimant chronically used drugs to the extent that it substantially interfered with her social and economic functions, it must therefore be concluded that she is suffering from drug addiction in the medical sense."
Noting that Florida Administrative Code Rule 38B-2.17(5)(d) (1982) permitted him to consider drug addiction as an illness in determining misconduct vel non, the referee found that Gainer did not intentionally violate her employer's rule and was thus not guilty of misconduct.
The Commission did not, as it could not, disturb the referee's amply supported finding of drug addiction. Recognizing that the Unemployment Code unmistakably requires intent, see § 443.036(24), Fla. Stat. (1985), it drew the opposing factual inference that Gainer was capable of complying with her employer's medical substantiation requirement from the fact that she had called her employer daily to report her absence.
But the referee's finding of fact is otherwise and, being based on competent substantial evidence, must be accepted by the Commission. Taylor v. State, Dep't of Labor & Employment Sec., 383 So.2d 1126 (Fla. 3d DCA 1980); Fla. Admin. Code Rule 38E-3.02(3) (1982). While the Commissioners might have believed Gainer's reporting of her absences indicated her ability to comply with other rules, they simply ignored the referee's finding that the claimant's drug addiction interfered with her social and economic functions. This the Commission cannot do, and its order denying benefits to Gainer must accordingly be reversed with directions that the decision of the appeals referee be reinstated.
Reversed with directions.
JORGENSON Judge, dissenting.
I respectfully dissent.
The Commission is entitled to draw legal conclusions from the facts found by the referee, and its legal conclusions may vary from the referee's conclusions. § 120.57(1)(b)(9), Fla. Stat. (1985). The conclusion reached by the referee was a mixed question of law and fact with which the Commission could disagree. The Commission was entitled to apply its expertise and reach a different conclusion about those facts. See McDonald v. Department of Banking & Fin., 346 So.2d 569 (Fla. 1st DCA 1977).