588 So.2d 1039 (1991)
Reason FORD, Jr., Appellant,
v.
SOUTHEAST ATLANTIC CORPORATION and Florida Unemployment Appeals Commission, Appellees.
No. 90-2448.
District Court of Appeal of Florida, First District.
November 6, 1991.
*1040 Leatrice E. Williams and Lester Bass, Jacksonville, for appellant.
Mary W. Jarrett and Timothy B. Strong, of Coffman, Coleman, Andrews & Grogran, Jacksonville, for appellees.
ERVIN, Judge.
Appellant, Reason Ford, Jr., seeks review of a final administrative order entered by the Unemployment Appeals Commission denying him unemployment compensation benefits, contending that his conduct, which consisted of failing a single drug test, reflects at most an isolated instance of bad judgment, and that the appeals referee erred in failing to consider appellant's drug addiction in determining whether he was guilty of misconduct. We affirm in part and reverse in part and remand.
Appellant was discharged from his position with Southeast Atlantic Corporation, because he failed a drug test in violation of the company's policy that no employee be present at work with drugs in his or her system. Appellant, along with all other company employees, had been tested pursuant to a newly implemented, previously announced company policy authorizing the performance of unannounced drug testing. It is undisputed that appellant tested positive for cocaine use and that he was discharged solely as a result of that test. Following a hearing, unemployment compensation benefits were denied to appellant by order of the appeals referee, based on a finding of misconduct, which was subsequently affirmed by the Unemployment Appeals Commission.
Section 443.101(1)(a), Florida Statutes (1989), provides that an individual shall be disqualified from receiving unemployment compensation benefits if the Division of Unemployment Compensation finds that the employee has been discharged by the employer for misconduct connected with his work. "Misconduct" includes, but is not limited to, the following:
(a) Conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.036(26), Fla. Stat. (1989).
In the instant case, the appeals referee concluded that Ford's actions constituted misconduct connected with his work in that he had failed the drug test, which the employer had previously notified all employees would be conducted, in direct violation of his duties and obligations to his employer. This conclusion is supported by competent, substantial evidence (CSE) because three of the employer's witnesses, Jean Thomas, Thomas Cash, and Ed Fitzpatrick, testified that the employer notified the employees that effective May 15, 1989, unannounced drug testing would start. Ford himself admitted awareness of the company's policy. Moreover, witness Cash testified that it was company policy to terminate users of harder drugs, like cocaine, rather than offer rehabilitation. Finally, it is unrefuted that claimant's urine specimen tested positive for cocaine in violation of that policy. Recognizing, therefore, the rule that the appeals referee is the fact finder and his or her decision must be upheld if there is CSE to support it, Smith v. Krugman-Kadi, 547 So.2d 677, 678 (Fla. 1st DCA 1989), review denied, 558 So.2d 20 (Fla. 1990); Department of Gen. Servs. v. English, 534 So.2d 726, 728 (Fla. 1st DCA *1041 1988); Lewis v. Unemployment Appeals Comm'n, 473 So.2d 6, 7 (Fla. 1st DCA 1985), we agree there is CSE undergirding the finding that Ford's actions constituted misconduct.
In so saying, we reject appellant's argument that repeated instances of misconduct were necessary before he could be found guilty of misconduct, because repeated acts in violation of company policy are not necessary to constitute misconduct within the meaning of Chapter 443, Florida Statutes. See, e.g., Clay County Sheriff's Office v. Loos, 570 So.2d 394 (Fla. 1st DCA 1990) (employee who attended radar training course in direct disobedience of superior's denial of his request was guilty of misconduct); National Ins. Servs., Inc. v. Unemployment Appeals Comm'n, 495 So.2d 244 (Fla. 2d DCA 1986) (employees who refused to perform requirement that they clean the coffee area acted unreasonably and were guilty of misconduct); Sears, Roebuck & Co. v. Unemployment Appeals Comm'n, 463 So.2d 465 (Fla. 2d DCA 1985) (employee who admitted kissing minor female employee on the cheek during working hours in violation of company policy was guilty of misconduct); Rosa v. Jefferson's Stores, Inc., 421 So.2d 818 (Fla. 4th DCA 1982) (employee who allowed her son to use her employee discount card against company policy was guilty of misconduct). Moreover, although there is case law which stands for the proposition that a single negligent act cannot support a finding of misconduct,[1] and that a single act of bad judgment by the employee does not constitute bad faith,[2] this is not a case of negligence or bad judgment, but rather a direct violation of company policy.
Our affirmance of the misconduct finding does not, however, necessarily preclude appellant from receiving unemployment benefits. He may still be eligible for benefits if his alleged drug addiction caused the misconduct. Florida Administrative Code Rule 38B-2.017(5)(b) provides:
(5) In determining whether there was misconduct connected with work, and in determining the seriousness of such misconduct, the following guidelines will be used:
* * *
(d) Where the individual's use of alcohol and/or drugs is a factor in being discharged, consideration must be given to the possibility of the individual's being addicted to these substances. When it is determined that the individual is suffering from alcoholism or drug addiction, in the medical sense, and that condition is a factor in separation from employment, it is appropriate to consider the alcoholism or drug addiction as an illness in determining the individual's eligibility for benefits.
The matter of whether an employee is an alcoholic or drug addict is one which is defensive in nature and, as such, must be raised by the employee before the appeals referee. Freve v. Unemployment Appeals Comm'n, 535 So.2d 649, 651 (Fla. 1st DCA 1988). In the instant case, appellant clearly submitted evidence at the hearing raising the defense of drug addiction in that both he and Willie Mae Robinson testified that he was addicted to cocaine. Additionally, there was evidence that appellant was having problems at home because of his drug addiction, and that he was having difficulty with the rehabilitation program because he could not get time off from work to be admitted on an inpatient basis. Thus, there was some evidence to suggest that appellant was suffering from drug addiction in the medical sense. Yet the final order is silent regarding whether Ford suffered from drug addiction, and fails as well to address such possibility in reaching the conclusion that appellant's actions constituted misconduct. Compare Gainer v. Unemployment Appeals Comm'n, 503 So.2d 428 (Fla. 3d DCA 1987) (employee undeniably violated employer's requirement *1042 of providing medical substantiation for absences from work of greater than three days; however, the employee's failure in that regard was not intentional misconduct, because it came about due to her drug addiction). Consequently, the order must be reversed and the case remanded to the Commission for a redetermination of appellant's entitlement to benefits. In making its redetermination, we direct that specific findings be made as to whether appellant suffered from an addiction which was a factor in his separation from employment, and, if so, for it to be determined whether the drug addiction is to be considered an illness.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
SMITH and ALLEN, JJ., concur.
NOTES
[1] Johnson v. Unemployment Appeals Comm'n, 513 So.2d 1098 (Fla. 3d DCA 1987) (single negligent failure by clerk to ring up sale).
[2] Davis v. Unemployment Appeals Comm'n, 472 So.2d 800 (Fla. 3d DCA 1985) (clerk who got into fight with coworker after repeated harassment).