682 So.2d 1222 (1996)
Richard F. GARDNER, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION, and Department of Treasury, Appellees.
No. 96-0424.
District Court of Appeal of Florida, Fourth District.
November 20, 1996.
H. Dillon Graham, III, P.A., Coral Gables, for appellant.
William T. Moore, Tallahassee, for Appellee-Unemployment Appeals Commission.
SHAHOOD, Judge.
Appellant, Richard F. Gardner, appeals from an order of the Unemployment Appeals Commission (UAC) affirming the decision of the appeals referee who had determined that the appellant was discharged from his employment for misconduct connected with work. We reverse and remand with directions to the UAC.
Appellant was employed as a senior customs inspector for the United States Department of the Treasury, U.S. Customs Service, and had been employed with the same employer in various capacities from January 1, 1981 until the date of his discharge on April 7, 1995. The appellant suffered from alcoholism since 1986, resulting in the employer's proposal to terminate appellant in July 1993. Instead, appellant and his employer entered into a "last chance agreement" in December 1993, whereby appellant agreed to enroll immediately in an alcohol abuse program. Pursuant to the program appellant was to abstain from the use of alcohol. The "last chance agreement" provided that the employer would initiate termination of appellant if he failed to abide by the terms of the agreement, failed to adhere to the requirements of the treatment program, or engaged in alcohol related misconduct.
In March 1995, appellant admittedly suffered an alcoholic relapse, and failed to report for work and did not call in to report his absence approximately fifty (50%) percent of the time he was absent from work, even *1223 though he knew he was to call in to work when he was absent due to illness. Appellant testified before the appeals referee that he did not call on some of the days "because I was sick, like a lot of times I couldn't even get out of bed." Appellant was discharged by his employer, effective April 7, 1995, for violating the "last chance agreement."
Following the findings of the appeals referee the following conclusions of law were reached:
The law provides that a claimant who has been discharged for misconduct connected with the work shall be disqualified from receiving benefits. "Misconduct connected with work" means a willful or wanton act or course of conduct in violation of the worker's duties and obligations to the employer.
The hearing testimony establishes that the claimant was discharged by the employer as a result of his violation of a last chance agreement, when he failed to call in to report a certain number of absences due to his alcoholic condition. In cases of discharge the employer has the burden to establish by a preponderance of competent substantial evidence that the claimant engaged in willful or wanton conduct in violation of his duties and obligations to the employer. Although the employer failed to appear at the hearing [to] testify, the claimant's testimony establishes that he is properly disqualified from receipt of unemployment compensation benefits. When the misconduct which forms the basis for a discharge stems from the disease of alcoholism, the discharge is normally categorized as a discharge for health reasons rather than a discharge for misconduct. However, in the case when an employee has entered into a last chance agreement with the employer and thereafter breaches the terms of that agreement, this does not apply. The claimant understood that the various programs attended all required him to abstain from the use alcohol. The claimant acknowledges that he violated those terms. As a result, the claimant is [in] violation of the last chance agreement which specifically requires him to adhere to the terms of the treatment program. Additionally, the claimant's actions in failing to call in as required to report his absence on each day constitutes alcohol related misconduct under the terms of the last chance agreement. Accordingly, it must be held that the claimant was discharged for misconduct connected with the work.
This decision, affirmed by the UAC, is the basis for appellant's appeal. Appellant contends that he was wrongfully denied unemployment compensation benefits based on misconduct connected with work because his absenteeism and failure to notify his employer of the same was the result of his alcoholism. Thus, his alcoholism and alcohol-related conduct was the result of an illness, and thus, did not constitute an intentional or willful act within the meaning of section 443.036(26), Florida Statutes. We agree.
Section 443.036(26), Florida Statutes (1995), defines misconduct as follows:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
Section 443.101(1)(a), Florida Statutes (1995), provides that an individual shall be disqualified from benefits upon a discharge by his employer for misconduct connected with his work.
Appellee, consistently takes the position that appellant was not discharged due to his illness of alcoholism, but rather, was terminated for violating the "last chance agreement." However, the "last chance agreement" does not alter the fact that alcoholism is an illness, and that appellant may still be eligible for benefits if the alcoholism caused *1224 the misconduct which resulted in his termination. See Ford v. Southeast Atlantic Corp. 588 So.2d 1039 (Fla. 1st DCA 1991); see also Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d 846 (Fla. 4th DCA 1995) (Misconduct serious enough to warrant an employee's dismissal may not necessarily be serious enough to sustain forfeiture of compensation benefits).
In the instant case, appellant raised the defense of his alcoholism through uncontroverted evidence presented to the appeals referee in that appellant's testimony was the only testimony presented before the appeals referee. See generally Freve v. Florida Unemployment Appeals Comm'n, 535 So.2d 649 (Fla. 1st DCA 1988). In cases of misconduct, the employer has the burden of proving that the claimant engaged in misconduct connected with work. See Paul v. Jabil Circuit Co., 627 So.2d 545 (Fla. 2d DCA 1993). We find that the employer failed in its burden of proving misconduct disqualifying the employee from unemployment compensation. As stated in the findings of fact, the appeals referee acknowledged that appellant, during his alcoholic relapse, was so ill some days that he "... could not even get out of bed." While appellant may have violated the technical terms of the "last chance agreement," his failure in that regard was not intentional misconduct, because it took place due to his alcoholism. See Gainer. v. State, Unemployment Appeals Comm'n, 503 So.2d 428 (Fla. 3d DCA 1987). Thus, while the employer may have been justified in terminating appellant's employment, we do not believe that appellant's conduct was tantamount to misconduct connected with work.
Accordingly, we reverse and remand with directions to UAC to afford appellant unemployment benefits.
Reversed and remanded.
DELL and GROSS, JJ., concur.