754 So.2d 183 (2000)
ST. AUGUSTINE CHURCH, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Arthur D. Canales, Appellees.
No. 3D99-1878.
District Court of Appeal of Florida, Third District.
April 5, 2000.
*184 J. Patrick Fitzgerald and Roberto J. Diaz, Coral Gables, for appellant.
John D. Maher (Tallahassee), for appellee, Unemployment Appeals Commission.
Before JORGENSON, SHEVIN and RAMIREZ, JJ.
PER CURIAM.
The appellee, Arthur D. Canales, was employed by St. Augustine Catholic Church as a lay minister from May 1997 to November 1998. During Canales' employment, the Archdiocese of Miami decided to implement recommendations made by its auditors and institute a system of time cards or time clocks to support the payroll at all its parishes. Father Hogan, the St. Augustine pastor, called a staff meeting to advise the employees that he was implementing a new policy of time cards. Canales immediately expressed his disapproval forcefully. His attitude was defiant and subsequently he refused to follow the policy during the week following the meeting. At a meeting called by Father Hogan, Canales refused to enter the office and started yelling at the priest. At that point Father Hogan terminated Canales' employment.
After a two-day hearing before an Unemployment Compensation Appeals Referee, the referee concluded that: "The claimant's refusal to come into the room and later threatening manner toward the priest in front of the witness, caused the claimant to be discharged rather than to discuss the matters slated for the meeting." The referee concluded that Canales' actions constituted misconduct and justified his discharge. Thus, Canales was not entitled to unemployment compensation. The Unemployment Appeals Commission reversed, stating that the finding of the appeals referee "that the claimant acted in a `threatening manner' is conclusory and will not support a finding of misconduct." The Commission felt that Canales' conduct during the meeting "while inappropriate, were [sic] not sufficiently egregious to constitute misconduct connected with work." We reverse.
In the context of an unemployment compensation claim proceeding, the factfinder is the appeals referee and the Commission, as well as the appellate court, must accept those findings unless they are not based on competent substantial evidence. See Scholastic Book Fairs, Inc., Great American Div. v. Unemployment Appeals Comm'n, 671 So.2d 287, 288 (Fla. 5th DCA 1996); Smith v. Krugman-Kadi, 547 So.2d 677, 678 (Fla. 1st DCA 1989); Kacsir v. State Unemployment Appeals Comm'n, 456 So.2d 528, 529 (Fla. 3d DCA 1984). The Commission "cannot reweigh the evidence and substitute its findings for those of the referee." Grossman v. Jewish Community Ctr. of Greater Fort Lauderdale, Inc., 704 So.2d 714, 716 (Fla. 4th DCA 1998).
Section 443.036(26)(a), Florida Statutes (1997) defines "misconduct," in pertinent part, to include "(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee...." In Pascarelli v. Unemployment Appeals Comm'n, 664 So.2d 1089, 1092 (Fla. 5th DCA 1995), the court declared that a single act of insubordination can be misconduct but a single act arising out of poor judgment may not be misconduct. See Ford v. Southeast Atl. Corp., 588 So.2d 1039, 1041 (Fla. 1st DCA 1991). The Pascarelli court then listed some decisions which hold, in the context of a single act of disobedience, that an employee has been guilty of misconduct: Clay County Sheriff's *185 Office v. Loos, 570 So.2d 394, 395 (Fla. 1st DCA 1990) (employee who attended radar training course in direct disobedience of superior's denial of his request was guilty of misconduct); National Ins. Servs., Inc. v. Florida Unemployment Appeals Comm'n, 495 So.2d 244, 246 (Fla. 2d DCA 1986) (employees who refused to perform requirement that they clean the coffee area acted unreasonably and were guilty of misconduct); Sears, Roebuck & Co. v. Florida Unemployment Appeals Comm'n, 463 So.2d 465, 466 (Fla. 2d DCA 1985) (employee who admitted kissing minor female employee on the cheek during working hours in violation of company policy was guilty of misconduct); Rosa v. Jefferson's Stores, Inc., 421 So.2d 818, 819 (Fla. 4th DCA 1982) (employee who allowed her son to use her employee discount card against company policy was guilty of misconduct).
This case does not involve a single instance of a refusal to follow a supervisor's order. Canales' behavior spanned a week of insubordination that culminated in a heated confrontation. We therefore conclude that the record contained competent substantial evidence to support the findings of the referee.
Reversed and remanded.