PER CURIAM.
Glender Curras appeals from an order of the Unemployment Appeals Commission affirming the denial of his application for unemployment compensation benefits. For the following reasons, we reverse.
Curras worked as a driver for an auto parts business in Broward County and lived in Dade County. As a term of his employment, he was allowed to use a company vehicle to go back and forth from home to work. His employer later informed him that the company vehicle could *674 no longer be driven beyond a stated area; that area did not include Curras’ home. For two or three weeks Curras tried to commute to work but found it impossible, and informed his employer that he was forced to look for another job because he no longer had a way to get to work.
Curras’ application for unemployment compensation benefits was denied on the ground that he quit his job without good cause attributable to his employer. The appeals referee affirmed. We reverse, as the employer substantially and unilaterally altered the terms of the agreement under which Curras accepted employment, giving Curras good cause to quit. See Amato v. Unemployment Appeals Comm’n, 648 So.2d 284, 285 (Fla. 4th DCA 1995). Cf. Coolaire Nordic Int'l, Corp. v. Florida Dept. of Commerce, Div. of Employment Sec., 356 So.2d 1317, 1318 (Fla. 4th DCA 1978) (holding that where employer initially provided transportation to employees but then gave six months notice that free transportation would be terminated and all employees would have to make their own transportation arrangements, termination of transportation was not an alteration of the contract of claimant’s employment and claimant did not quit for good cause attributable to his employer).
Reversed and remanded with directions to afford the claimant the full amount of benefits claimed.