PER CURIAM.
As there is substantial, competent evidence to support the finding that the appellant voluntarily left his employment without good cause attributable to his employer when he remained away from work longer than his scheduled leave without informing his employer of his status, we affirm the order disqualifying him from receiving unemployment benefits. See e.g., Garcia v. AT & T Communications, Inc., 575 So.2d 730, 731 (Fla. 3d DCA 1991) (affirming the finding that appellant was not entitled to unemployment benefits where she requested a six-month leave of absence and was informed that reemploy *227 ment would be dependent on position availability; employee voluntarily left employment and did not have a position upon her return) (quoting Slusher v. State Dep’t of Commerce, 354 So.2d 450, 451 (Fla. 1st DCA 1978) (“Although the claimant’s reason for leaving may be considered a good personal reason, it cannot be considered attributable to the employer.”)). See also Kacsir v. State Unemployment Appeals Comm’n, 456 So.2d 528 (Fla. 3d DCA 1984) (reviewing court may not overturn hearing officer’s findings of fact which are supported by competent, substantial record evidence).