SHARP, W., J.
Robinson appeals from the decision of the Unemployment Appeals Commission, which affirmed the appeals referee’s determination that Robinson was disqualified from receiving unemployment benefits pursuant to section 443.036, Florida Statutes, after being terminated by his employer, Florida Hospital. To properly deny unemployment compensation, the discharged employee’s conduct must not only rise to misconduct to justify termination,[1] it must be willful, wanton and deliberate, and it must be established by competent, substantial evidence.[2] We affirm.
In this case, Robinson was terminated after he threatened to kill a coworker and called him a “nigger.” This behavior violated Florida Hospital’s Rules of Conduct (Rules), which specifically prohibits fighting, threatening, intimidating, attempting bodily harm or injury, or interfering with another person. It is grounds under the Rules for immediate discharge. Prior to terminating Robinson, his employer conducted an investigation of the incident.
The appeals referee conducted a hearing and both sides presented testimony and evidence. Robinson denied having made the threat and the employee testified he did. The referee expressly stated the threatened employee was credible and found that Robinson, without provocation, threatened to kill a fellow employee and used a degrading racial epithet. Credibility of witnesses is in the lap of the factfinder. Neither the Commission nor this court can over-turn such a fact finding when supported by competent, substantial evidence.[3]
Given that Robinson made such a threat, it clearly constitutes employment-related misconduct which disentitles him to unemployment benefits. Henry v. Cordis Corporation, 626 So.2d 1029 (Fla. 3d DCA 1993).
AFFIRMED.
PLEUS and TORPY, JJ., concur.

. See Anderson v. Unemployment Appeals Commission, 822 So.2d 563, 566 (Fla. 5th DCA 2002); Proffitt v. Unemployment Appeals Commission, 658 So.2d 185, 187 (Fla. 5th DCA 1995).

. Suluki v. Unemployment Appeals Commission, 644 So.2d 552, 554 (Fla. 5th DCA 1994).

. See St. Augustine Church v. Unemployment Appeals Commission, 754 So.2d 183 (Fla. 3d DCA 2000); Novas v. Unemployment Appeals Commission, 735 So.2d 563 (Fla. 3d DCA 1999); Fink v. Unemployment Appeals Commission, 665 So.2d 373 (Fla. 4th DCA 1996).