GERSTEN, J.
Bal Harbour Village (“Village”), appeals an Unemployment Appeals Commission (“UAC”) order reversing an appeals referee’s (“referee”) decision that May Man-gone (“Mangone”) was not entitled to unemployment benefits. We reverse.
After an evidentiary hearing, the referee determined that Mangone, a code compliance officer for the Village, knowingly and repeatedly violated the Village’s sick policy. The referee concluded that Mangone was discharged for misconduct at work and was not entitled to receive unemployment benefits.
The UAC reversed the referee’s decision and found that Mangone’s actions did not constitute misconduct. The UAC determined that Mangone’s explanations for failing to follow the policy were plausible. The UAC also concluded that there was no evidence that Mangone continued to violate the sick policy after her employer had reminded her that she was in violation.
Where the referee’s determination is supported by competent substantial evidence, it was improper for the UAC to reweigh the evidence and substitute its findings for those of the referee. See St. Augustine Church v. Fla. Unemployment Appeals Comm’n, 754 So.2d 183 (Fla. 3d DCA 2000); Verner v. Fla. Unemployment Appeals Comm’n, 474 So.2d 909 (Fla. 2d DCA 1985); Sears, Roebuck & Co. v. Fla. Unemployment Appeals Comm’n, 463 So.2d 465 (Fla. 2d DCA 1985).
Because the referee’s findings are based on competent, substantial evidence, we reverse the UAC’s order and remand with directions to reinstate the referee’s decision.
Reversed and remanded with directions.