968 So.2d 697 (2007)
Johnnie B. ROLLINS, Appellant,
v.
BAY HR, INC. and Florida Unemployment Appeals Commission, Appellees.
No. 4D07-293.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
Johnnie B. Rollins, Fort Lauderdale, Pro Se.
Louis A. Gutierrez, Tallahassee, for Appellee-Florida Unemployment Appeals Commission.
*698 TAYLOR, J.
The claimant, Johnnie Rollins, appeals the final order of the Unemployment Appeals Commission (UAC), which affirmed the appeals referee's decision to disqualify the claimant from receiving unemployment benefits due to his discharge for misconduct connected with work. We affirm.
The UAC's order adopted the following findings of fact made by the appeals referee:
The claimant was employed from October, 2003. When separated, he was employed as a cook. For three or four weeks prior to the claimant's job separation the head chef discussed with the claimant the claimant's use of alcohol and being under the influence of alcohol while at work. The claimant was told that he could be discharged if his behavior continued. The claimant was scheduled to work from 5:00 p.m. until 1:00 a.m. On July 15, 2006 the claimant left work at approximately 5:30 p.m. advising a server that he needed to leave. The claimant went home to make certain items were turned off. While home the claimant drank beer. He returned to work at approximately 7:00 p.m. under the influence of alcohol. He was discharged because of his continued use of alcohol interfering with his work. The claimant did not work for the employer after July 15, 2006.
In his conclusions of law, the referee found that the evidence supported the claimant's discharge for misconduct because:
his continued use of alcohol [was] interfering with his work. . . . The preponderance of evidence submitted does indicate that the claimant's actions demonstrated a wanton and intentional disregard of the employer's interests. Accordingly, it must be concluded that the claimant's discharge was for misconduct.
The referee noted that the claimant told him that he is an alcoholic. The referee concluded, however, that the claimant had been warned of the consequences of his alcohol use and "[t]he preponderance of the evidence submitted indicates that the claimant was responsible for his use of alcohol and ultimately for his job separation." The referee further noted that the claimant's alcohol use interfered with his work performance and that even after being warned the claimant did not make adequate attempts to resolve his problem.
The claimant appealed the referee's decision to the Unemployment Appeals Commission. The Commission affirmed the referee's decision, whereupon the claimant appealed the Commission's final order to this court.
The appellant has the burden to demonstrate error in an appeal from a final order of the Unemployment Appeals Commission. See Wolfson v. Unemployment Appeals Comm'n, 649 So.2d 363 (Fla. 5th DCA 1995). Here, the UAC adopted the appeals referee's findings of fact, which it must do if those findings are based on competent, substantial evidence. See Fink v. Florida Unemployment Appeals Comm'n, 665 So.2d 373, 374 (Fla. 4th DCA 1996). The UAC's order is presumed correct. See Kelle v. D.H. Holmes Co., Ltd., 658 So.2d 1161, 1161 (Fla. 2d DCA 1995) (citing Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979)). To overcome that presumption, the claimant must show that the findings of fact were not based on competent, substantial evidence or the referee's conclusions or application of law is incorrect.
Here, the claimant has not provided us with a transcript of the unemployment compensation hearing. Therefore, *699 we must assume that the referee's findings of fact are correct. See Wolfson, 649 So.2d at 363 (where appellant's arguments are fact-based, failure to include copy of transcript on appeal is fatal). We can consider, however, whether the referee's conclusions or application of the law to those facts is incorrect. The claimant argues that his alcoholism is a defense to a finding of misconduct.
"Misconduct" includes, but is not limited to:
(a) Conduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
§ 443.036(29), Florida Statutes (2004).
The claimant cites Gardner v. State, Unemployment Appeals Comm'n, 682 So.2d 1222 (Fla. 4th DCA 1996), in arguing that his alcoholism provides a defense to a finding of misconduct. In Gardner, the claimant, an alcoholic, entered into a "last chance agreement" with his employer, whereby he agreed to abide by the terms of the agreement and the requirements of his treatment program, and to refrain from alcohol related misconduct. Id. at 1222. When the claimant suffered an alcohol relapse, his employer terminated him. Id. at 1223. The appeals referee found that the claimant was discharged for misconduct related to his work because he violated the terms of the agreement by failing to abstain from consuming alcohol. Id. The UAC affirmed. Id. We reversed, finding that the claimant's alcoholism refuted a finding of intentional misconduct. Id. at 1224 (citing Gainer v. State, Unemployment Appeals Comm'n, 503 So.2d 428, 429 (Fla. 3d DCA 1987), which held that, because it was based on competent, substantial evidence, the UAC had to affirm the referee's finding, per Florida Administrative Code Rule 38B-2.017(5)(d), that the claimant's drug addiction was an illness that vitiated her intent to commit misconduct).
As the UAC recognizes, the claimant's position was tenable under former Florida Administrative Code Rule 38B-2.017(5)(d). That rule provided as follows:
(5) In determining whether there was misconduct connected with work, and in determining the seriousness of such misconduct, the following guidelines will be used:
. . . .
(d) Where the individual's use of alcohol and/or drugs is a factor in being discharged, consideration must be given to the possibility of the individual's being addicted to these substances. When it is determined that the individual is suffering from alcoholism or drug addiction, in the medical sense, and that condition is a factor in separation from employment, it is appropriate to consider the alcoholism or drug addiction as an illness in determining the individual's eligibility for benefits.
Ford v. Se. Atl. Corp., 588 So.2d 1039, 1041 (Fla. 1st DCA 1991).
However, Rule 38B-2.017(5)(d) was repealed in 1992 and replaced by Rule 60BB-3.020. The current rule has eliminated the "addictions defense" and simply provides:
(2) Serious misconduct in connection with work shall warrant 13 to 26 weeks of disqualification. Examples include the following work-connected actions:

*700 (a) Misdemeanor violations of the law; or
(b) Fighting and other disorderly conduct; or
(c) Reporting to work under the influence of alcohol or drugs, or the improper use of alcohol or drugs at work; or
(d) Willful, intentional or repeated carelessness or negligence in the performance of work which results in damage to equipment, material, or which jeopardizes the safety of others; or
(e) Refusal to carry out reasonable and lawful instructions significant to job duties, after warning; or
(f) Major violation of reasonable and lawful company rules, after warning.
Fla. Admin. Code R. 60BB-3.020.
We agree with the UAC that the repeal of Rule 38B-2.017(5)(d) and enactment of Rule 60BB-3.020 preclude claimant from avoiding a finding of misconduct because of his addiction. The appeals referee found that the claimant had been warned that he could be discharged for intoxication at work. The evidence showed that even after this warning, the claimant left work and returned under the influence of alcohol. The referee properly concluded that the claimant's continued use of alcohol interfered with his work and showed wanton and intentional disregard of the employer's interests. Accordingly, we affirm the UAC's final order affirming the referee's decision disqualifying the claimant from receiving unemployment compensation benefits.
Affirmed.
KLEIN and HAZOURI, JJ., concur.