968 So.2d 1036 (2007)
SPACE SCIENCE SERVICES, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 5D06-4288.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
*1037 Carol Swanson of Law Offices of Carol Swanson, Winter Park, for Appellant.
John D. Maher, Tallahassee, for Appellee.
PALMER, C.J.
Space Science Services appeals the final order entered by the Unemployment Appeals Commission (UAC), affirming the appeals referee's decision to award unemployment compensation benefits to Ruben Ivey. Concluding that the referee's findings were not supported by competent substantial evidence, we reverse.
Ivey was employed by Space Science for a total of 98 days. Both Space Science and Ivey agree that Ivey voluntarily quit his job. Initially, Ivey's request for unemployment compensation benefits was denied on the basis that his reason for quitting his job was not attributable to Space Science. Ivey appealed claiming that he left Space Science because he did not receive the raise he was entitled to receive after 90 days of employment. Following an evidentiary hearing, the appeals referee issued a decision finding that Ivey was qualified to receive unemployment compensation benefits. The decision included the following findings of fact:

*1038 The claimant worked for the employer from February 27, 2006, through June 6, 2006, as a radiographer. The claimant answered an advertisement for the position, which indicated that the position paid $10/hour. When the claimant was offered the position, he was told the position paid $9/hour. The claimant questioned this and was told that after 90 days he was guaranteed a $1/hour raise. The claimant accepted the position. After serving 90 days, he inquired as to his raise. His supervisor informed him that there was no guaranteed raise and the claimant was not currently slated for an increase. The claimant spoke to human resources who failed to resolve his issue and the resigned the position [sic].
Space Science appealed the decision to the UAC. The UAC affirmed the decision of the appeals referee, stating that the record adequately supported the referee's findings and that the referee's conclusions were a reasonable application of the pertinent laws to the facts of the case. Space Science appeals the decision of the UAC.
The UAC's decision is entitled to a presumption of correctness. The appellate court reviews the UAC decision only to determine whether it is clearly erroneous or whether it is not supported by competent, substantial evidence. Tallahassee Primary Care Associates v. Florida Unemployment Appeals Com'n, 930 So.2d 824 (Fla. 1st DCA 2006). Neither the UAC nor the district court of appeal can overturn an appeals referee's finding of fact if that finding of fact is supported by competent, substantial evidence. Robinson v. Unemployment Appeals Com'n, 899 So.2d 426 (Fla. 5th DCA 2005).
Section 443.101(1)(a) of the Florida Statutes (2004) provides:
443.101. Disqualification for benefits
An individual shall be disqualified for benefits:
(1)(a) For the week in which he or she has voluntarily left his or her work without good cause attributable to his or her employing unit or in which the individual has been discharged by his or her employing unit for misconduct connected with his or her work, based on a finding by the Agency for Workforce Innovation. As used in this paragraph, the term "work" means any work, whether full-time, part-time, or temporary.
§ 443.101(1)(a), Fla. Stat. (2004). "Good cause" is cause which would reasonably impel an average able-bodied qualified worker to give up his or her employment. Howell & O'Neal v. Florida Unemployment Appeals Com'n, 934 So.2d 570 (Fla. 1st DCA 2006). Whether an unemployment compensation claimant voluntarily left employment for good cause is a question of fact to be determined by an appeals referee. Belcher v. Unemployment Appeals Com'n, 882 So.2d 486 (Fla. 5th DCA 2004).
In this case, a review of the record indicates that the appeals referee's finding that Ivey quit his job at Space Science based on "good cause" attributable to his employer was not supported by competent substantial evidence. Specifically, the appeals referee's findings set forth below are not supported by competent substantial evidence as explained after each finding.
(1) The claimant worked for the employer from February 27, 2006, through June 6, 2006, as a radiographer.
This finding is not supported by competent substantial evidence. Ivey testified that he was employed as a full-time radiology technician, not as a radiographer.

*1039 (2) The claimant answered an advertisement for the position, which indicated that the position paid $10/hour.
This finding is not supported by competent substantial evidence. The only advertisement referenced or submitted into evidence by Ivey advertises positions for trainees as field inspectors for above ground storage tanks, pressure vessels, and piping. No mention is made in the advertisement of either radiology technicians or radiographers.
(3) When the claimant was offered the position, he was told the position paid $9/hour.
This finding is not supported by competent, substantial evidence. The written Labor Agreement executed by the parties and the pay records put into evidence by Ivey show that Ivey was being paid $9.50 per hour. Ivey may have testified that he only made $9.00 per hour, but his own evidence refutes his testimony.
(4) The claimant was told that after 90 days he was guaranteed a $1/hour raise. Although Ivey testified at the hearing to that effect, the written Labor Agreement entered into between the parties specifically provided that "future wage increases will be merit raises based on both behavior and performance."
(5) After serving 90 days, he inquired as to his raise. His supervisor informed him that there was no guaranteed raise and the claimant was not currently slated for an increase.
This finding is not supported by competent, substantial evidence. Ivey never testified that he spoke to his supervisor. Instead, he testified that after 90 days, he spoke to Thomas Perez, "the quality assurance guy", about his raise. There is no evidence that Mr. Perez was Ivey's supervisor or had any authority to grant him a raise.
(6) The claimant spoke to human resources who failed to resolve his issue and the resigned the position [sic].
This finding is not supported by competent, substantial evidence. Ivey never testified that he spoke to anyone at human resources about his raise after the 90 day period was up. As noted above, Ivey testified that the only person he spoke to was Perez, "the quality assurance guy", about his raise.
Accordingly, the UAC's order affirming the appeals referee's order is reversed.
REVERSED.
THOMPSON and SAWAYA, JJ., concur.