SHEPHERD, J.
Reinaldo Hernandez appeals an order from the Florida Unemployment Appeals Commission, affirming an appeals referee’s decision denying Hernandez unemployment compensation benefits on the ground that he voluntarily left employment without good cause. We find no reason to disturb the order under review.
The record reflects that Hernandez was employed by Oxford Building Services, a janitorial service, as a cleaning person. He was scheduled to work seven days per week: Monday through Friday, 6:00 a.m. to 2:00 p.m., and from 6:00 a.m. to 11:00 a.m. on weekends. On Sunday, November 16, 2008, approximately one week after he was hired, his car broke down. He tried to reach his supervisor, but could not. He left a message for the supervisor, stating he would not be able to come to work for two or three days because he had car problems. The next day, Hernandez again called his supervisor. His supervisor ad *825 vised him he had no way of covering for him and had replaced him with someone else.
Section 443.101(l)(a) of the Florida Statutes (2008) provides that an individual shall be disqualified from unemployment benefits if “he or she has voluntarily left his or her work without good cause attributable to his or her employing unit” or “has been discharged ... for misconduct connected with his or her work.” Misconduct is not an issue in this case. The question before the appeals referee was whether or not Hernandez voluntarily left his work “without good cause attributable to his [employer].” “Good cause” includes “only that cause attributable to the employing unit or ... illness or disability of the individual requiring separation from his or her work.” § 443.101(l)(a)l, Fla. Stat. (2008).
The referee in this case found as follows: The claimant voluntarily quit has position on or about November 16, 2008. The claimant was the moving party to cause the separation when he was not able to report to work. The claimant was having transportation problems and was not able to get to work. Although the claimant notified the employer, the employer could not hold his position. The claimant had good personal reasons for him to leave his job, but they were not attributable to the employer. Accordingly, it is held the claimant quit without good cause.
This case is similar to Coolaire Nordic Int’l Corp. v. Fla. Dep’t of Commerce, Div. of Employment Sec., 356 So.2d 1317 (Fla. 4th DCA 1978). In that case, Coolaire moved its plant from Perrine, Florida, in the area of Green’s (its employee) residence, to Hollywood, Florida, as a result of a merger. Id. at 1318. For a period of six months, the employer provided transportation from Perrine to Hollywood for its employees. Id. Near the end of the period, Coolaire notified its employees that free transportation would be terminated, and requested employees to make their own arrangements. Id. For a while, Green rode to work in a private car pool, and thereafter arranged for transportation with another employee who had the use of a company car, until the employer decided to take back the car. Green advised his employer he was quitting because he had no transportation. Id. The court held that Green voluntarily left his employment without good cause attributable to his employer because it was his responsibility to find transportation to work. Id.
Similarly here, it was Hernandez’s responsibility to make alternate arrangements to get to work. See Glenn v. Fla. Unemployment Appeals Comm’n, 516 So.2d 88, 89 (Fla. 3d DCA 1987) (“Whenever feasible, an individual is expected to expend reasonable efforts to preserve his employment.”). Although Hernandez had good reasons for leaving his employment, his reasons ultimately were personal and not attributable to his employer. Thus, upon a full review of the record, we find competent substantial evidence exists to support the findings of the appeals referee. Hernandez v. Fla. Unemployment Appeals Comm’n, 995 So.2d 620, 620 (Fla. 3d DCA 2008) (‘^Whether an unemployment compensation claimant voluntarily left employment for good cause is a question of fact to be determined by an appeals referee.” (quoting Space Science Servs. v. Fla. Unemployment Appeals Comm’n, 968 So.2d 1036, 1038 (Fla. 5th DCA 2007))).
Affirmed.