PER CURIAM.
Appellants Rob Brayshaw and Stephanie Brayshaw have applied for unemployment compensation benefits, and their entitlement to benefits depends on whether they were independent contractors or employees of Appellee AHB, LLC. At issue in this appeal is a final order of the Agency for Workforce Innovation (“Agency”) finding that the Brayshaws were independent contractors. The Brayshaws argue the Agency erred by failing to apply the criteria used by the Internal Revenue Service to determine, for employment tax purposes, whether an employer-employee relationship exists.
Under section 443.1216(1)(a)2., Florida Statutes (2008), persons who may be entitled to unemployment compensation include “[a]n individual who, under the usual common-law rules applicable in determining the employer-employee relationship, is an employee.” The statute does not refer to other rules or factors for determining the employment relationship. Therefore, the Agency was limited to applying only Florida common law in determining the nature of the employment relationship between the Brayshaws and AHB, LLC. In Cantor v. Cochran, 184 So.2d 173, 174-75 (Fla.1966), the supreme court adopted as the test in Florida that which is set out in 1 Restatement of the Law, Agency (Second) § 220 (1958):
(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:
(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relation of master and servant; and
(j) whether the principal is or is not in business.
See Dep’t of Health & Rehab. Servs. v. Dep’t of Labor & Employment Sec., 472 So.2d 1284, 1286 (Fla. 1st DCA 1985) (stating that “[t]he proper factors to be considered in determining whether an employer-employee relationship exists were listed in [Cantor ].”). We find the Agency properly applied these factors, and its findings are supported by competent, substantial evidence. See Tamburello v. State, Dep’t of Mgmt. Servs., 657 So.2d 32 (Fla. 1st DCA *303 1995). Accordingly, we affirm the Agency’s order finding the Brayshaws were independent contractors of AHB, LLC.
AFFIRMED.
PADOVANO, ROBERTS, and MARSTILLER, JJ., concur.