PER CURIAM.
University Dental Health Center, Inc. (“University Dental”) appeals a final order of the Agency for Workforce Innovation (“AWI”). It argues (1) AWI erred in finding a dentist to be an employee for purposes of unemployment taxation and (2) AWI’s decision violated the Equal Protection Clause of the United States Constitution. We disagree and affirm. '
The dentist worked for University Dental from June 8, 2009, through November 30, 2009. Upon termination, she filed a claim for unemployment compensation benefits. The Florida Department of Revenue (“DOR”) issued an Employee Determination Notice, finding the dentist to be an employee retroactive to her date of hire and imposing unemployment tax on her wages. University Dental filed a protest, asserting the dentist was an independent contractor whose wages were not subject to unemployment tax.
After conducting a telephonic hearing, a special deputy issued a recommended order, upholding DOR’s decision. University Dental filed exceptions to the order. AWI issued a final order in which it found competent, substantial evidence to support the special deputy’s findings of fact and no error in the special deputy’s conclusions of law.
On appeal, University Dental continues to argue that AWI erred in finding the dentist to be an employee, rather than an independent contractor. In addition to arguing the evidence did not support the factual determinations by the special deputy, University Dental asserts a denial of equal protection, claiming DOR has treated dentists at other dental clinics as independent contractors.[1] AWI responds arguing (1) the findings of fact are supported by competent, substantial evidence and (2) there was no error in its application of law and no denial of equal protection.
We review an agency’s findings of fact to insure that they are supported by competent, substantial evidence and that the agency did not err in its conclusions of law. Rollins v. Bay HR, 968 So.2d 697, 698 (Fla. 4th DCA 2007).
Wages are subject to unemployment tax if the employment falls within the purview of section 443.1216, Florida Statutes (2009). Employment subject to unemployment taxation includes a service performed by “[a]n individual who, under the usual common-law rules applicable in determining the employer-employee relationship, is an employee.” § 443.1216(l)(a)2, Fla. Stat.[2]
To analyze whether an employer-employee relationship exists, we apply a test from the Restatement of the Law, Agency (Second) § 220. Cantor v. Cochran, 184 So.2d 173, 174 (Fla.1966). That test requires the consideration of ten factors:
(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
*1141 (d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relation of master and servant; and
(j) whether the principal is or is not in business.
Brayshaw v. Agency for Work Force Innovation, 58 So.3d 301, 302 (Fla. 1st DCA 2011) (citing Cantor, 184 So.2d 173).
University Dental argues that the dentist was a highly skilled professional, who operated without supervision. It suggests the professional nature of the dentist’s work in determining what treatment was necessary and in performing that treatment demonstrates that University Dental did not directly supervise the dentist. The parties agreed that the relationship was at will. Based on these factors, University Dental asserts the dentist was an independent contractor.
AWI responds that University Dental’s control over the dentist demonstrated an employer-employee relationship. University Dental provided the tools and space for the dentist. It scheduled patients and determined where and when the dentist performed services. The dentist could not refuse patients, was required to report to work at a particular time, and could leave only if there were no scheduled patients. University Dental determined the fees charged, and the dentist’s services were part of University Dental’s regular business.
The special deputy weighed these factors and found by a preponderance of the evidence that University Dental exercised sufficient control over the dentist’s work to consider her an employee. That finding is supported by competent, substantial evidence. We find Kane Furniture Corp. v. Miranda, 506 So.2d 1061 (Fla. 2d DCA 1987), upon which University Dental relies, distinguishable. We find no error in the conclusions of law.
We therefore affirm AWI’s determination that the dentist was an employee.

Affirmed.

WARNER, STEVENSON and CONNER, JJ., concur.

. We find no merit in the equal protection argument.

. There is a long list of exceptions, but dentists or medical professionals are not among them.