535 So.2d 649 (1988)
Robert L. FREVE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Southern Bell Telephone and Telegraph Company, Appellees.
No. 88-470.
District Court of Appeal of Florida, First District.
December 19, 1988.
*650 Clyde M. Collins, Jr., Jacksonville, for appellant.
Kerwin L. Gray, Jacksonville, for appellee Southern Bell Tel. and Tel. Co.
ZEHMER, Judge.
Appellant Robert L. Freve appeals an order of the Unemployment Appeals Commission affirming an appeals referee's decision that denied him unemployment compensation benefits on the ground that appellant's failure to maintain a valid driver's license constituted misconduct connected with work. We affirm.
Freve began working for appellee Southern Bell Telephone and Telegraph Company (Southern Bell) in 1973 as an installer/repairman. Southern Bell subsequently promoted Freve to a cable repairman position; this position required the maintenance of a valid Florida driver's license. In 1983 Freve was arrested for driving under the influence of alcohol and his supervisor warned him that he would lose his job if he lost his driver's license. In 1987 Freve was again arrested for driving under the influence of alcohol and, upon conviction of this charge, his driver's license was revoked. Southern Bell subsequently discharged Freve from employment for failure to possess a valid driver's license.
Freve applied for unemployment compensation benefits but the claims examiner denied such benefits on the ground that Southern Bell had discharged Freve because of circumstances under Freve's control. Freve appealed this determination and the appeals referee scheduled a telephone conference hearing. Upon being contacted for this hearing, however, Southern Bell's labor relations officer informed *651 the appeals referee that Southern Bell did not challenge the claim and would not participate in the hearing. The appeals referee proceeded with the hearing, and appellant provided the only testimony and evidence. Appellant testified that he knew his job required maintenance of a valid Florida driver's license, and admitted that he lost his job because the state revoked his driver's license for driving under the influence of alcohol. The appeals referee affirmed the denial of unemployment compensation benefits on the ground that appellant was discharged for misconduct connected with work, and the Unemployment Appeals Commission affirmed the decision of the appeals referee.
On appeal, appellant raises three points. First, appellant contends that the appeals referee erred in failing to consider appellant's alcoholism in determining misconduct and denying unemployment compensation benefits. As support for this contention, Freve relies on Rule 38B-2.017, Florida Administrative Code, which states:
(d) Where the individual's use of alcohol and/or drugs is a factor in being discharged, consideration must be given to the possibility of the individual being addicted to these substances. When it is determined that the individual is suffering from alcoholism or drug addiction, in the medical sense, and that condition is a factor in separation from employment, it is appropriate to consider the alcoholism or drug addiction as an illness in determining the individual's eligibility for benefits.
Freve argues that the appeals referee's order does not contain any finding that he considered Freve's alcoholism and that the court thus erred in affirming the appeals referee's determination. We note that the record contains no evidence that Freve suffered from the disease of alcoholism, nor does it contain any indication that Freve's counsel raised this issue and the effect of Rule 38B-2.017 before the appeals referee or the Commission. We view this matter as being defensive in nature, and, as such, it is incumbent upon a claimant relying on the rule to raise the issue before the referee and to present evidence and argument in support thereof. Because Freve failed to raise this matter until the brief on appeal, we find it was not properly preserved for review and affirm this issue.
Appellant next contends that the appeals referee's finding of misconduct is not supported by competent, substantial evidence. We find Freve's testimony that he knew he was required to have a driver's license to perform his job, that his driver's license was revoked due to a DUI conviction, and that he lost his job because of his license revocation, constitutes competent, substantial evidence in support of the appeals referee's finding of misconduct and affirm this issue.
Finally, Freve asserts that Southern Bell is estopped from defending the denial of benefits on appeal because its agent/employee advised the appeals referee that Southern Bell was not challenging the claim. The Administrative Code contains no rule providing that a claims examiner's determination denying unemployment compensation benefits must be reversed if the non-appealing party does not appear before the appeals referee and defend the denial, and Freve has not provided the court with any statutory or case authority supporting such a proposition. Therefore, we affirm the third issue.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.