693 So.2d 1091 (1997)
Freddy ESTRADA, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 96-1573.
District Court of Appeal of Florida, Fifth District.
May 16, 1997.
*1092 Freddy Estrada, Orlando, pro se.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
PER CURIAM.
In this pro se appeal, Freddy Estrada challenges the final order entered by the Unemployment Appeals Commission (UAC), affirming the decision rendered by the appeals referee that he is not entitled to receive unemployment compensation benefits. Estrada maintains that the UAC's decision should be reversed because the appeals referee's findings of fact are not supported by competent substantial evidence. However, Estrada has failed to provide this court with a transcript of the hearing conducted by the appeals referee. As a result, this court is not able to review this claim of error. See Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983) (the findings and judgments of the lower tribunal come to the appellate court with a presumption of correctness and the appellant has the burden of submitting an adequate record to support his appeal).
We note that after the briefs in this matter were submitted, Estrada filed with this court a "Motion to Furnish Transcript of Hearing," in which he requested that he be allowed to supplement the record with a transcript of the hearing conducted by the appeals referee. Importantly, the day after Estrada filed his notice of appeal, the UAC advised him that a transcript would be prepared for him at no cost upon his request and that, if he wished to have a transcript prepared, it was his responsibility to make the request within ten days of the appeal. No such request was made. Thus, Estrada was given ample opportunity to furnish a transcript, but he declined to do so. We recognize that rule 9.200(f), Florida Rules of Appellate Procedure, provides in part that "[n]o proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given." However, we decline to apply the rule here, because Estrada waived his opportunity by failing to timely request a transcript from the UAC.
AFFIRMED.
COBB, W. SHARP and ANTOON, JJ., concur.