PARKER, Chief Judge.
Mary F. Lewis appeals the final order of the Unemployment Appeals Commission (UAC) which affirmed the decision of the appeals referee, whose decision affirmed the claims examiner’s denial of unemployment compensation benefits to Lewis after Lewis’s employment at Lakeland Health Care Center, Inc. (LHCC) ended in February 1995. We reverse because the appeals referee failed to follow this court’s directions in Lewis v. Lakeland Health Care Center, Inc., 685 So.2d 876 (Fla. 2d DCA 1996).
In the first appeal to this court, the following facts were established. Lewis was employed as a full-time licensed practical nurse by LHCC from May 1993 until February 14, 1995. In 1994, Lewis’s son had a massive stroke with left side paralysis. Lewis’s son was discharged from the hospital in early February 1995. Because she needed time to care for her son, Lewis filled out a request to work part-time, and was able to work out an agreement with her supervisor that would permit her to work less than full-time. Lewis thought that her son’s wife would watch her son when Lewis went to work. However, the daughter-in-law failed to help care for her husband, and Lewis had no one to relieve her so that she could go to work. On February 14, 1995, Lewis called her supervisor to inform her that she could not come in to work because her health was failing due to the stress and added responsibility of being her son’s sole caretaker.
Lewis testified that her employer told her that she had been terminated. Later, her son’s health improved and other arrangements were made to care for the son. Lewis called LHCC and spoke about the possibility of returning to work. She was told that she could not be rehired because she was unreliable. LHCC admitted that before the son’s illness, Lewis had never had a problem with absenteeism.
Following the first hearing, the appeals referee found that Lewis had not been fired, but rather had left her employment voluntarily. With regard to Lewis’s reason for leaving, the referee stated: “Although the claimant may have had good cause to voluntarily leave this employment, it has not been established that the leaving was with good cause attributable to the employer....” Lewis was denied benefits. She appealed to the UAC, which affirmed the referee’s decision.
On appeal, this court vacated the agency decision, stating: “Ms. Lewis has consistently maintained that she was terminated, and there is no competent, substantial evidence in the record supporting a finding that she quit.” Lewis, 685 So.2d at 877. This court then set forth the requisite burdens of proof in an unemployment compensation ease as follows:
It is clear that an employee has the initial burden to prove she is eligible for unemployment benefits. In establishing eligibility, an employee does not need to prove that she was fired, but only that she is “unemployed.” § 443.091(l)(e), Fla. Stat. (1995); Florida Indus. Comm’n v. Ciarlante, 84 So.2d 1 (Fla.1955); Newkirk v. Florida Indus. Comm’n, 142 So.2d 750 (Fla. 2d DCA 1962). In a case involving an employee’s discharge, it is well settled that the employer has the burden to present evidence showing that the employee was discharged for misconduct. Tallahassee Housing Auth. v. Florida Unemployment Appeals Comm’n, 483 So.2d 413 (Fla.1986); Doyle v. Florida Unemployment Appeals Comm’n, 635 So.2d 1028 (Fla. 2d DCA 1994).
Id. at 878. Having recognized that it is the employer’s burden to prove that the claimant was discharged for misconduct, this court stated: “Since the employer did not allege or prove misconduct, Ms. Lewis would be entitled to benefits if she was discharged.” Id. Nevertheless, this court remanded the case because the appeals referee, who seemed to be confused about the requisite burdens of proof, ultimately determined that Lewis was not discharged, but quit voluntarily.
Following remand of this case, a new hearing was held. LHCC did not attend the hearing. Therefore, no testimony was presented by LHCC to indicate that the reason Lewis was discharged was misconduct. The appeals referee immediately started the hearing by stating to Lewis: “Now, the ques *1015 tion here to be resolved is, did you quit your job?” Lewis responded that she did not, that she in fact had been terminated, and told the referee which of the employer’s personnel had informed her of that fact. The referee then embarked upon a series of questions designed to elicit from Lewis the reason for her termination. In addition, the referee questioned Lewis at length concerning her son’s stroke and her efforts to find others to care for him.
Two days later, the appeals referee again denied unemployment benefits to Lewis. For the second time, Lewis filed an appeal with the UAC, arguing that the referee had misapplied the burdens of proof set forth by this court. The UAC affirmed. We conclude that was error.
In Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467, 469 (Fla.1976), the Florida Supreme Court stated:
Enunciations in a prior appellate decision upon the same case becomes the law governing that case, and the court upon a second appeal must take judicial notice and knowledge of the opinion and the judgment rendered in the first appeal, as well as the facts presented by the transcript of record in the original case.
Reviewing the facts in Lewis, this court stated: “Ms. Lewis has consistently maintained that she was terminated, and there is no competent, substantial evidence in this record supporting a finding that she quit.” 685 So.2d at 877. We conclude that there is still no competent, substantial evidence in this record supporting a finding that she quit.
On remand, Lewis maintained her position that she was discharged and did not voluntarily quit. The employer, LHCC, failed to appear for the hearing. Therefore, no testimony or evidence was presented by the employer to indicate that the reason Lewis was discharged was misconduct.
The record in this case clearly establishes that the appeals referee erred by placing the burden on Lewis to prove that she was not discharged for misconduct. Where there was no testimony or evidence from the employer that Lewis was discharged for misconduct, the employer failed to sustain its burden. See Gardner v. State, Unemployment Appeals Comm’n, 682 So.2d 1222, 1224 (Fla. 4th DCA 1996) (holding that the employer failed to sustain its burden of proving that the claimant was discharged for misconduct, where the claimant’s testimony was the only evidence presented at the hearing before the appeals referee).
The UAC cites Freve v. Florida Unemployment Appeals Commission, 535 So.2d 649 (Fla. 1st DCA 1988), for the proposition that there is no requirement that the “claims examiner’s determination denying unemployment compensation benefits must be reversed if the non-appealing party does not appear before the appeals referee and defend the denial_” Id. at 651. However, it is apparent from the opinion in Frene that the appeals referee was proceeding upon an allegation of misconduct in the claims examiner’s report.
In this case, the record from the claims examiner was inconclusive, at best, regarding the reasons for Lewis’s separation from her employment. The state of the record in this matter was that “the employer did not allege or prove misconduct_” Lewis, 685 So.2d at 878. Thus, on remand, the appeals referee had nothing before her indicating that Lewis was discharged for misconduct, until she elicited Lewis’s testimony on the subject. To the extent that Freve would permit the appeals referee to proceed to establish, on her own, that Lewis was discharged for misconduct, we certify conflict with Freve.
Accordingly, we reverse and remand with directions to the UAC to afford unemployment benefits to Lewis.
CAMPBELL, J., and LENDERMAN, JOHN C., Associate Judge, concur.