PER CURIAM.
Bridget A. Panzer appeals the order of the Unemployment Appeals Commission affirming the appeals referee’s determination that she is disqualified from receiving benefits, arguing that she did not voluntarily leave employment.
Panzer had the burden to establish that the Commission erred in affirming the appeals referee’s determination. See Wolfson v. Unemployment Appeals Comm’n, 649 So.2d 363 (Fla. 5th DCA 1995) (citing Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979)). Panzer essentially challenges the findings of the appeals referee. She, however, has not provided this court with a transcript of the hearing. Consequently, with the scant record on appeal, she has not overcome the presumption of correctness. See id. Without a transcript of the hearing before the appeals referee, there is no basis from which we can determine whether the Commission erred in affirming the appeals referee’s findings. We, therefore, must affirm. See Rozell v. Unemployment Appeals Comm’n, 752 So.2d 99 (Fla. 2d DCA 2000).
For this same reason, we cannot ascertain whether Panzer is correct in asserting that the amount of overpayment exceeds the amount she actually received. Moreover, the attachment supporting her contention was not part of the record provided to this court by the Commission. Thus, it appears not to have been considered by the appeals referee or the Commission, and therefore, it would be improper for this court to consider it on appeal.
Affirmed.
PARKER, A.C.J., and FULMER and GREEN, JJ., Concur.