765 So.2d 882 (2000)
Alma Y. CUEBAS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Steve Moraff, and Moraff Ware, Appellees.
No. 2D99-4347.
District Court of Appeal of Florida, Second District.
August 23, 2000.
*883 Alma Y. Cuebas, pro se.
Judy L. Harrelson, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellees Steve Moraff and Moraff Ware.
SCHEB, JOHN M., (Senior) Judge.
Alma Y. Cuebas challenges the order of the Unemployment Appeals Commission (UAC) affirming the appeals referee's decision that she is not entitled to receive unemployment compensation benefits. We affirm.
The appeals referee concluded Ms. Cuebas was disqualified from receiving benefits because she voluntarily left her employment without good cause attributable to her employer. On appeal the UAC affirmed. See § 443.101(1)(a), Fla. Stat. (1999).
Ms. Cuebas contends the UAC erred in upholding the appeals referee's decision denying her unemployment benefits on the ground that she voluntarily left her employment. The issue is whether there is substantial, competent evidence to support the appeals referee's findings and determination. The UAC contends that not having furnished this court a transcript of the proceedings before the appeals referee, Ms. Cuebas cannot prevail. The UAC's contention is correct as a matter of law. See Panzer v. Personnel One, Inc., 754 So.2d 800 (Fla. 2d DCA 2000).
A claimant has the right to appeal the findings and determination of an appeals referee when affirmed by the UAC. We have jurisdiction to review such an appeal. Fla. R.App. P. 9.030(b)(1)(C). The notice of appeal is filed with the clerk of the UAC within thirty days of rendition of the order to be reviewed, and a copy of the notice is to be filed with the clerk of *884 this court. Fla. R.App. P. 9.110(c). Upon request, the UAC is required to provide a transcript to a claimant appealing an order denying benefits. See Gretz v. Florida Unemployment Appeals Comm'n, 572 So.2d 1384 (Fla.1991). The Florida Administrative Code requires that such a request be made within ten days from the filing of the claimant's appeal. Fla. Admin. Code R. 38E-3.009(3).
Ms. Cuebas did not request a transcript of the evidence taken before the appeals referee; rather, within the required time, she asked the UAC for "[a]ll written documents and recordings pertaining directly to the deliberations of the Commission's appeals review members." After the ten-day period, she asked the UAC for "documents pertaining to the findings of facts or the grounds used as the basis for the Appeals Commission to determined [sic] the decision to affirm the Appeals Referee's decision."
It is common for claimants to appear before an appeals referee without counsel, and in many appeals by claimants from decisions concerning denial of unemployment compensation benefits, the claimant is pro se. Because of the lack of clarity in Ms. Cuebas's attempts to obtain a transcript of the evidence before the appeals referee to support her contention, we directed the UAC to file a transcript of the proceedings before the appeals referee. We have received and reviewed the transcript. Whether a claimant left employment voluntarily and without good cause attributable to the employer is a question of fact, and a finding to that effect is not subject to reversal if based on substantial, competent evidence. See Rozell v. State, Unemployment Appeals Comm'n, 752 So.2d 99 (Fla. 2d DCA 2000). We find there is substantial, competent evidence to support the findings and determination of the appeals referee and the decision of the UAC. Hence, we affirm.
As the Florida Supreme Court observed in Gretz v. Unemployment Appeals Commission, the legislative intent behind chapter 443 is "to `lighten [the] burden [of unemployment] which now so often falls with crushing force upon the unemployed worker and his family.'" 572 So.2d at 1386 (alterations in original). The record does not indicate whether the UAC informed Ms. Cuebas of her obligation to request, within ten days of the filing of the notice of appeal, that a transcript of the hearing before the appeals referee be included in the record on appeal. It would be helpful to the court in future instances to know that the administrative regulation cited in this opinion was brought to the claimant's attention. See Estrada v. Unemployment Appeals Comm'n, 693 So.2d 1091 (Fla. 5th DCA 1997) (claimant waived opportunity to supplement record pursuant to rule 9.200(f) with transcript of hearing before appeals referee where notified by UAC that he must request preparation of transcript within ten days of appeal).
Affirmed.
BLUE, A.C.J., and WHATLEY, J., Concur.