769 So.2d 1119 (2000)
Kathryn D. MORTON, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION and Department of Environmental Protection, Appellees.
No. 2D99-2611.
District Court of Appeal of Florida, Second District.
October 4, 2000.
Kathryn D. Morton, pro se.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
PARKER, Acting Chief Judge.
Kathryn D. Morton appeals the decision of the Unemployment Appeals Commission (UAC) affirming the appeals referee's decision that she was not entitled to unemployment benefits and requiring her to repay the benefits she received. Because Morton did not provide this court with a transcript of the hearing before the appeals referee, we are compelled to affirm.
The appeals referee found that Morton was discharged for misconduct connected with work after Morton left the state park where she worked unattended and unlocked on July 4, 1998, the busiest day of the year. The appeals referee also found that Morton had at least one prior disciplinary incident. Both of these incidents are documented in the record on appeal. In addition, the record reflects that Morton was habitually late for work. Morton did not request that a transcript of *1120 the hearing before the appeals referee be included in the record on appeal. In light of the incidents documented in the record and without a transcript of the hearing, neither the UAC nor this court has any grounds for finding that the appeals referee's decision was not based on competent, substantial evidence. Therefore, the UAC properly affirmed the appeals referee's decision, and we affirm the UAC's decision.
Morton also asks this court to waive the requirement that she repay the benefits she received to the Department of Unemployment Compensation because she is suffering from severe medical and financial hardships. Section 443.151(6)(b), Florida Statutes (1997), specifically allows for recoupment of any unemployment benefits paid when it is later determined that the claimant was not entitled to benefits. No hardship exception exists in the statute. Therefore, this court cannot relieve Morton of her obligations under the statute.
Affirmed.
SALCINES, J., Concurs.
NORTHCUTT, J., Concurs specially.
NORTHCUTT, J., Concurring.
I agree that this case is properly affirmed because, in my view, the circumstances argued by Ms. Morton would have been insufficient to overturn the determinations of the appeals referee and the UAC even if those circumstances had been proved at the hearing and reflected in a transcript. If that were not the case, however, I would be reluctant to affirm based solely on Ms. Morton's failure to furnish us a transcript of the hearing.
True enough, it is an appellant's duty to furnish such a transcript if one is necessary to our determination, and it is well-established that an appellant's failure in that regard is, itself, sufficient to support an affirmance. But Ms. Morton is before us pro se, as she was throughout the proceedings below. Recognizing that such is often-probably usually-the case, the Florida Department of Labor and Employment Security has issued a pamphlet meant to inform claimants and employers of their appeal rights and of the associated procedures. A copy of the pamphlet given to Ms. Morton is in our record. It does not advise that upon request the UAC is required to provide a transcript to a claimant appealing an order denying benefits. See Gretz v. Florida Unemployment Appeals Comm'n, 572 So.2d 1384 (Fla.1991). Nor does our record reflect that Ms. Morton was advised that the Florida Administrative Code requires that such a request be made within ten days from the filing of the claimant's appeal. See Fla. Admin. Code R. 38E-3.009(3).
Given the important policy objectives of the unemployment compensation law, I would hesitate to affirm the denial of benefits when an appellant has made an argument that would be colorable if supported by a transcript, and our record does not reflect that we lack a transcript even though the appellant was informed of her right to one upon a timely request. In such cases I would direct the UAC to complete the record by filing the necessary transcript. See Cuebas v. Unemployment Appeals Comm'n, 765 So.2d 882 (Fla. 2d DCA 2000).