774 So.2d 739 (2000)
Suellen R. SIENKIEWICZ, Appellant,
v.
INTREPID POWERBOATS, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 2D99-3463.
District Court of Appeal of Florida, Second District.
November 1, 2000.
*740 Suellen Sienkiewicz, pro se.
No appearance for Appellee Intrepid Powerboats, Inc.
John D. Maher, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
NORTHCUTT, Judge.
The Unemployment Appeals Commission affirmed a referee's determination that Suellen Sienkiewicz was disqualified from collecting benefits because she voluntarily left her job without good cause attributable to her employer. We reverse.
This case has an odd history. After Sienkiewicz and her employer, Intrepid Powerboats, parted ways, the claims examiner found she was not qualified to receive unemployment benefits because she had quit her job. See § 443.101(1)(a), Fla. Stat. (1997). Sienkiewicz appealed, and the referee determined she was entitled to compensation because she had been terminated and the employer had failed to prove the termination was for misconduct. See id.; § 443.091, Fla. Stat. (1997). Intrepid appealed to the U.A.C. During that review process, the commission discovered that the tape recording of the testimony before the referee was defective. Because of that defect, it could not judge whether the referee's findings were supported by the evidence. It vacated the referee's decision and remanded for a new, de novo, hearing and decision on the merits. After the second hearing, the new referee determined that Sienkiewicz had voluntarily left her employment without good cause attributable to the employer, and affirmed the claims examiner's denial of benefits. Sienkiewicz appealed to the U.A.C., which affirmed.
As this procedural recitation shows, various people who examined the evidence in this case came to different conclusions about its import. Whether a claimant voluntarily left employment or was terminated is a question of fact. See Gulfview Animal Hosp. v. Zemke, 741 So.2d 1163 (Fla. 2d DCA 1999). We must determine whether the referee's factual finding that Sienkiewicz voluntarily quit is supported by substantial, competent evidence. In order to do so, however, we must view the facts in light of the applicable burdens of proof.
In Lewis v. Lakeland Health Care Center, Inc., 685 So.2d 876 (Fla. 2d DCA 1996), we held that the employer has the burden of proof on the preliminary issue of whether the claimant quit or was discharged. No one from Intrepid attended the hearing. Thus, the only facts before the referee came from Sienkiewicz herself. She testified that she had been fired[1] She explained that she and Intrepid's president had a confrontation in his office. He told her several times to get up and get out. *741 She first believed he was telling her to go back to her desk, but by the third time he said it she understood that he meant for her to leave the company. The facts described in Sienkiewicz's testimony were equivocal. If it had been her burden to prove she had been fired, the testimony might have been insufficient. But it was Intrepid's burden to show Sinkiewicz had left voluntarily. This ambiguous evidence did not meet that burden. As in Lewis, there was no substantial competent evidence to support the referee's finding that the claimant quit.
We do not intend to imply that every time an employer fails to attend a hearing, the claimant will win. The claimant's own testimony can establish that he or she is not entitled to benefits. For example, in Freve v. Florida Unemployment Appeals Comm'n, 535 So.2d 649 (Fla. 1st DCA 1988), the claimant testified that he knew his job required him to maintain a valid driver's license, and he admitted he lost his job because his license was revoked for driving under the influence. His own testimony established that he had been terminated for misconduct. Here, however, Sienkiewicz's testimony, on its own, did not prove that she quit her job.
Where an employee has been discharged, she is entitled to benefits unless the employer establishes she was terminated for misconduct. Again, Intrepid presented no evidence on this point. Accordingly, Sienkiewicz is entitled to unemployment compensation benefits. See § 443.091, Fla. Stat. (1997). We reverse the order of the Unemployment Appeals Commission.
PARKER, A.C.J., and SALCINES, J., Concur.
NOTES
[1] The original record in this case did not contain a transcript of the hearing before the appeals referee. As in Cuebas v. Unemployment Appeals Comm'n, 765 So.2d 882 (Fla. 2d DCA 2000), nothing in our record showed that the Unemployment Appeals Commission had told Sienkiewicz of her right to request a free transcript, see Gretz v. Florida Unemployment Appeals Comm'n, 572 So.2d 1384 (Fla. 1991), or explained that she must do so within ten days from the filing of her appeal, see Fla. Admin. Code R. 38E-3.009(3). Because Sienkiewicz made an argument that would be colorable if supported by a transcript, we ordered the U.A.C. to provide one. See Morton v. Unemployment Appeals Comm'n, 769 So.2d 1119 (Fla. 2d DCA 2000) (Northcutt, J., concurring).