BLUE, Chief Judge.
Michael J. McEnery appeals the denial of unemployment compensation benefits based on a finding that he voluntarily left his job without good cause. Because McEnery left work due to illness, which constitutes good cause, we reverse.
The appeals referee found that McEn-ery resigned. We accept this finding because it was supported by competent, substantial evidence. See Sienkiewicz v. Intrepid Powerboats, Inc., 774 So.2d 739, 740 (Fla. 2d DCA 2000).
If the employer meets the burden of showing an employee’s voluntary departure, the employee must prove that he left for good cause in order to qualify for unemployment benefits. Lewis v. Lakeland Health Care Ctr., Inc., 685 So.2d 876, 878 (Fla. 2d DCA 1996). Good cause “includes only such cause as is attributable to the employing unit or which consists of illness or disability of the individual requiring separation from his or her work.” § 443.101(1)(a)(1), Fla. Stat. (2000). “[T]he law permits an illness ... to be a good cause for voluntarily leaving a job.” Lewis, 685 So.2d at 879 (internal quotation marks omitted). Based on the competent, substantial evidence showing that McEn-ery left work because of illness, we reverse the denial of unemployment compensation benefits.
Reversed and remanded.
CASANUEVA and KELLY, JJ., concur.