894 So.2d 269 (2004)
Thomas E. CONTRERA, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D03-4301.
District Court of Appeal of Florida, First District.
December 10, 2004.
Appellant, pro se, for Appellant.
John D. Maher, Deputy General Counsel, Unemployment Appeals Commission, Tallahassee, for Appellee.
WEBSTER, J.
This is an appeal from an adverse final order of the Unemployment Appeals Commission. *270 One of the issues raised by appellant is whether that order, which affirms the appeals referee's decision, is supported by competent, substantial evidence. Because the record on appeal does not include the transcript of the hearing held before the appeals referee, we afford appellant 20 days from the date of this opinion within which to supplement the record with the transcript of that hearing. We write to clarify what we perceive our obligation to be in such a case pursuant to Florida Rule of Appellate Procedure 9.200(f)(2) when we find the record is incomplete.
Absent the transcript of the hearing before the appeals referee, we would be constrained to affirm the order of the Unemployment Appeals Commission. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979) (because of the presumption that decisions of lower tribunals are correct, such a decision which rests on resolution of disputed issues of fact must be affirmed in the absence of a transcript of the evidentiary hearing or trial). However, we conclude that, before we may do so, Florida Rule of Appellate Procedure 9.200(f)(2) requires that we afford appellant an opportunity to supplement the record with the transcript.
Rule 9.200(f)(2) reads:
If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given.

(Emphasis added.) "Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules. . . . Thus, when the language [of a rule] to be construed is unambiguous, it must be accorded its plain and ordinary meaning." Brown v. State, 715 So.2d 241, 243 (Fla.1998). We find nothing unclear about the language of rule 9.200(f)(2). In clear and unambiguous language, it requires that we always afford a party an opportunity to supplement the record before we decide an appeal in which we conclude the record is incomplete to permit intelligent review. The language of the Committee Note written contemporaneously with adoption of subdivision (f) reinforces such a reading of the rule. It states:
The new rule is intended to ensure that appellate proceedings will be decided on their merits and that no showing of good cause, negligence, or accident is required before the lower tribunal or the court orders the completion of the record. This rule is intended to ensure that any portion of the record in the lower tribunal that is material to a decision by the court will be available to the court. It is specifically intended to avoid those situations that have occurred in the past when an order has been affirmed because appellate counsel failed to bring up the portions of the record necessary to determine whether there was an error. . . .
Fla. R.App. P. 9.200 (Committee Note, 1977 Amendment). We believe that strict compliance with the rule is particularly important in cases such as this, where a pro se litigant is not likely to be familiar with the intricacies of appellate practice. We recognize that there are decisions from other districts which appear to reach different results. However, we are unable to agree with them.
In Estrada v. Unemployment Appeals Commission, 693 So.2d 1091 (Fla. 5th DCA 1997), the court affirmed without affording an opportunity to supplement the record, notwithstanding the pro se appellant's motion requesting leave to do so by providing a copy of the transcript of the *271 hearing before the appeals referee. Id. at 1092. It provided the following justification for its decision:
[T]he day after [appellant] filed his notice of appeal, the [Unemployment Appeals Commission] advised him that a transcript would be prepared for him at no cost upon his request and that, if he wished to have a transcript prepared, it was his responsibility to make the request within ten days of the appeal. No such request was made. Thus, [appellant] was given ample opportunity to furnish a transcript, but he declined to do so. We recognize that rule 9.200(f), Florida Rules of Appellate Procedure, provides in part that "[n]o proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given." However, we decline to apply the rule here, because [appellant] waived his opportunity by failing to timely request a transcript from the [Unemployment Appeals Commission].
Id. We find this justification unconvincing for several reasons. First, it punishes an individual unschooled in the law for not being familiar with the intricacies of appellate practice. Second, it reads out of subdivision (f)(2) of the rule the first sentence, which uses mandatory language: "If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record." (Emphasis added.) Finally, the logical consequence of such reasoning would render the rule meaningless because, if a pro se litigant with no legal schooling waives the right to supplement the record by not requesting a transcript at the first opportunity, certainly all litigants who are represented by lawyers would likewise waive their right to supplement the record because they did not request that the transcript be included as part of the record in the initial designation required by rule 9.200(a) and (b).
We also disagree with Sienkiewicz v. Intrepid Powerboats, Inc., 774 So.2d 739 (Fla. 2d DCA 2000), to the extent it appears to limit an appellate court's obligation to afford an opportunity to supplement the record to cases in which there is "nothing in [the] record [which] show[s] that the Unemployment Appeals Commission had told [appellant] of her right to request a free transcript, . . . or explained that she must do so within ten days from the filing of her appeal." Id. at 740-41 n. 1. Sienkiewicz cites as support for its decision the following from a concurring opinion by Judge Northcutt in Morton v. State Unemployment Appeals Commission, 769 So.2d 1119, 1120 (Fla. 2d DCA 2000) (Northcutt, J., concurring):
Given the important policy objectives of the unemployment compensation law, I would hesitate to affirm the denial of benefits when an appellant has made an argument that would be colorable if supported by a transcript, and our record does not reflect that we lack a transcript even though the appellant was informed of her right to one upon a timely request. In such cases I would direct the [Unemployment Appeals Commission] to complete the record by filing the necessary transcript. Cuebas v. Unemployment Appeals Comm'n, 765 So.2d 882 (Fla. 2d DCA 2000).
Cuebas v. Unemployment Appeals Commission, 765 So.2d 882 (Fla. 2d DCA 2000), cited by Judge Northcutt, in turn, appears to rely upon the Fifth District's decision in Estrada. Id. at 884.
In summary, we hold that rule 9.200(f)(2) obliges us always to afford a party an opportunity to supplement the record before we decide an appeal in which we conclude the record is incomplete to permit intelligent review. Accordingly, we afford appellant 20 days from the date of *272 this opinion within which to supplement the record with the transcript of the hearing before the appeals referee.
BARFIELD, J., Concurs; WOLF, C.J., Concurs and Dissents with Written Opinion.
WOLF, C.J., Concurring and Dissenting.
I concur in the decision to order the transcript. I dissent from that portion of the opinion which requires that it be ordered in cases notwithstanding whether a waiver may have occurred. The decision of the majority effectively determines that rule 60BB-7.009, Florida Administrative Code, of the Unemployment Appeals Commission (U.A.C.) which requires a party to order a transcript within 10 days of filing of a notice of appeal is invalid.[1]
There is nothing in the record in the instant case indicating appellant was advised that the U.A.C. was required to provide a transcript to him upon his request, nor does our record reflect that appellant was advised that the Florida Administrative Code requires that such a request be made within ten days from the filing of the appeal. See Fla. Admin. Code R. 60BB-7.009. Because the record does not reflect that appellant knowingly waived his right to a transcript, and appellant has made an argument on appeal that may require reversal if supported by the transcript, we need not determine whether rule 9.200(f)(2), Florida Rules of Appellate Procedure, should control in cases where a claimant is properly advised. In this case it is unnecessary to examine the validity or effectiveness of the U.A.C. rule. It is also unnecessary to create apparent conflict with the cases from the Second and Fifth District Courts of Appeal cited in the majority opinion, which would also require the furnishing of a transcript under the circumstances which exist in our case.
NOTES
[1] While the rule may ultimately be determined to be invalid we should not reach this issue where it is unnecessary for us to do so and the U.A.C. has not had an opportunity to brief the issue.