PLEUS, J.
Rhett Bessire, pro se, appeals from a final order of the Unemployment Appeals Commission (“UAC”) affirming a decision of an appeals referee disqualifying Bessire from receiving benefits because he voluntarily left work without good cause. Bes-sire argues that he did have good cause to quit because his employer reduced his ben *369 efits contrary to the terms outlined in his hiring letter.
“Whether a claimant for unemployment benefits leaves his or her employment voluntarily and without good cause attributable to the employer is a question of fact, and thus should not be disturbed on appeal provided there is competent, substantial evidence supporting it.” Cain v. Unemployment Appeals Com’n, 876 So.2d 592, 593 (Fla. 5th DCA 2004). Bessire failed to have the hearing transcribed and made part of the record on appeal and waived his opportunity to supplement the record with the transcript by failing to timely request a transcript from the UAC. See Estrada v. Unemployment Appeals Com’n, 693 So.2d 1091 (Fla. 5th DCA 1997). Because Bessire failed to provide a transcript of the proceedings below, we have no basis from which to determine whether the UAC erred in affirming the decision of the appeals referee. See Rozell v. State, Unemployment Appeals Com’n, 752 So.2d 99 (Fla. 2d DCA 2000). Indeed, the evidence that is in the record — the hiring letter — supports the decision of the appeals referee because it made clear that the employer could change the benefit structure at any time.
Accordingly, we affirm.
AFFIRMED.
SAWAYA, C.J., and THOMPSON, J., concur.