BROWNING, J.
Jason Borakove (Appellant) appeals a final order of the appellee, Florida Unemployment Appeals Commission, affirming the appeals referee’s findings and conclusions that Appellant is disqualified from receiving emergency unemployment compensation benefits because Appellant voluntarily quit work without “good cause,” as this term is used in section 443.101(l)(a), Florida Statutes (2008). See § 443.031, Fla. Stat. (2008) (providing for liberal construction of the unemployment compensation chapter “in favor of a claimant ... who is unemployed through no fault of his or her own”). Because Appellant has not provided a sufficient reeoi’d to overcome the presumption of correctness of the administrative rulings, we affirm the final order and take this opportunity to explain our decision.
A notice of determination was issued stating that unemployment compensation benefits would not be payable because Appellant had quit his job due to a disability, without a showing that the disability required him to do so. Appellant appealed that decision, asserting that, given his self-described emotional handicap and poor coordination, he had felt physically and emotionally overwhelmed by the stress of training for the position he was offered. This matter was set for a telephonic healing during which Appellant testified.
Subsequently, the appeals referee made the following findings of fact. Appellant began working for his employer on August 22, 2008, and was sent to the employer’s client company, AICS. Appellant attended vocational rehabilitation through Goodwill Industries due to an emotional handicap. He has difficulty dealing with stress. Appellant accepted an offer of training for a position with AICS, completed three days’ training, and accepted a position requiring him to count inventory items and to enter the price and number of items into a hand-held electronic device. After working only one day, Appellant concluded that the oth *251 er employees were working faster than he was and that he was not doing a good job. He was neither reprimanded at work nor told that he was not meeting performance expectations. At the end of the first day’s shift, Appellant told his supervisor that he (Appellant) felt frustrated and did not think the job was a good match. Appellant quit after one day on the job.
The appeals referee found 1) that Appellant’s testimony describing the stressful work environment and his having to leave the job for health reasons related to his emotional handicap was “vague and inconclusive”; 2) that Appellant had failed to show that, after only one day of employment there, the work environment was sufficiently stressful to impair his ability to function and to perform his duties; and 3) that Appellant had not given his employer a reasonable opportunity to address Appellant’s concerns and to offer accommodations or solutions before quitting.
“The employer has the initial burden to establish that the employee voluntarily left employment.” Willick v. Unemployment Appeals Comm’n, 885 So.2d 440, 442 (Fla. 2d DCA 2004). “If the employer meets this burden, then the employee must present evidence to prove that he or she left the employment for good cause attributable to the employer.” Id,.; see Uniweld Prods., Inc. v. Indus. Relations Comm’n, 277 So.2d 827, 829 (Fla. 4th DCA 1973). In such circumstances, the proper inquiry is whether an illness or disability renders the individual physically unable to perform the job duties. See Stanick v. T & B Metal Works, Inc., 867 So.2d 523 (Fla. 1st DCA 2004). The appeals referee concluded as a matter of law that Appellant voluntarily had left work without good cause and, thus, was disqualified from receiving emergency unemployment compensation benefits. The appeals referee deemed “good cause” to be “only cause attributable to the employing unit or illness or disability of the claimant requiring separation from the work.” Cf. Brown v. Unemployment Appeals Comm’n, 633 So.2d 36, 38 (Fla. 5th DCA 1994) (en banc) (stating that determination of “good cause” for voluntarily quitting employment “focuses on whether the circumstances would have impelled the average, able-minded, qualified worker to give up her employment,” and noting that “[t]he standard is not that of the highly emotional, super sensitive employee”). The facts demonstrated that Appellant had not exercised due diligence in attempting to maintain employment; he failed to show that he was unable to perform the work and was required to quit for health reasons. “Whenever feasible, an individual is expected to expend reasonable efforts to preserve his employment.” Glenn v. Fla. Unemployment Appeals Comm’n, 516 So.2d 88, 89 (Fla. 3d DCA 1987).
In its final order, Appellee stated that Appellant had submitted evidence that was not presented first to the appeals referee, and that it was not newly discovered, material evidence that could not have been discovered prior to the evidentiary hearing through due diligence. See Rule 60BB-7.005(1), Fla. Admin. Code (allowing a party to request Appellee to consider newly discovered evidence not previously discoverable through due diligence). Alternatively, Appellant requested a second hearing before the appeals referee to present additional evidence. Both requests were denied. Appellee found competent substantial evidence to support the appeals referee’s conclusion that Appellant had not made a reasonable effort to preserve the employment relationship before leaving the job after one day. Concluding that the appeals referee’s decision comports with the requirements of Florida law, Appellee affirmed the ruling.
*252 It is well-established that an appellant challenging an administrative final order affirming the appeals referee’s findings of fact and conclusions of law has the burden to demonstrate reversible error. See Wolfson v. Unemployment Appeals Comm’n, 649 So.2d 363 (Fla. 5th DCA 1995). Appellant contends that the appeals referee failed to realize the severity of his handicap and refused to allow Appellant to present all of his evidence. Appellant does not state specifically what that additional evidence is.
To bring a successful challenge to the ajopeals referee’s finding(s) of fact, Appellant must show that no competent substantial evidence in the record supports the finding(s). See § 120.57(1)((), Fla. Stat. (2008); Smith v. Krugman-Kadi, 547 So.2d 677, 678 (Fla. 1st DCA 1989). The appropriate means for a party to demonstrate the character of the evidence presented at the hearing is specific references to the transcript of the proceedings. See Fla. R. App. P. 9.210(b)(3). Appellant’s complaints raise factual questions that we cannot adequately review from this record on appeal. A copy of the transcript of Appellant’s evidentiary hearing before the appeals referee was not included in the record on appeal. To facilitate proper appellate review, we issued an order pursuant to Florida Rule of Appellate Procedure 9.200(f)(2) and Contrera v. Florida Unemployment Appeals Commission, 894 So.2d 269 (Fla. 1st DCA 2004), affording Appellant additional time to supplement the record with the hearing transcript, but we received none. Where the crux of Appellant’s argument relates to the appeals referee’s findings of fact and other evidentia-ry matters, the absence of a copy of the transcript as part of the appellate record “is fatal.” Wolfson, 649 So.2d at 363; see Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). That is, we have no proper basis to question the findings of fact made by the appeals referee and adopted and approved by Appellee. Appellant cannot overcome the presumption that the appeals referee’s factual findings are correct. See Applegate, 377 So.2d at 1152; Lopez v. Unemployment Appeals Comm,’n, 680 So.2d 1144 (Fla. 3d DCA 1996); Dominguez v. Unemployment Appeals Comm’n, 679 So.2d 835 (Fla. 3d DCA 1996). The record does not demonstrate that the appeals referee or Appellee misconstrued or misapplied its organic law to the findings of fact.
Accordingly, we are constrained to AFFIRM the final order pursuant to Apple-gate and Wolfson.
THOMAS, J., concurs; DAVIS, J., concurs in result only.