PER CURIAM.
We affirm the final order of the Unemployment Appeals Commission which upheld the referee’s findings that the claimant was discharged for misconduct connected with his employment. Although some of the facts were in dispute, the hearing officer is required to weigh and evaluate conflicting evidence and make findings that are entitled to deference from a reviewing court. “If the record shows that there was substantial competent evidence to support the factual findings of the appeals referee,” then this court may not make contrary findings of fact that support a different result. See Bagwell Lumber Co. v. Florida Dep’t of Commerce, 353 So.2d 1261 (Fla. 2d DCA 1978).
*1262 Here the record supports the legal conclusion that the claimant’s conduct rose to the level of misconduct connected with work under section 448.036(29), Florida Statutes (2009). The claimant was a driver for his employer. He showed up for a 7:00 a.m. shift drunk and incapable of driving the employer’s truck. Another employee blocked the claimant from driving the truck away from the job site. The office manager was called and when she arrived she noted the claimant’s glassy eyes and smell of alcohol about him. Also, the claimant was staggering. The office manager took the claimant’s car keys away from him so that he could not drive himself home. She talked with him for an hour. The hearing officer found that the “claimant told the office manager that he was very depressed, and had drunk extensively the night before, late into the morning.... The claimant himself admitted that he was drunk and thanked the office manager for not allowing [him] to drive himself.” As the hearing officer observed, the claimant “was a danger to himself and the public and subjected the employer to potential liability.” Especially because the claimant’s job was as a truck driver, his actions amounted to “[cjonduct demonstrating willful or wanton disregard of an employer’s interests” and “was a deliberate violation or disregard of standards of behavior which the employer has a right to expect of his or her employee.” § 443.036(29)(a), Fla. Stat. (2009).

Affirmed.

GROSS, C.J., WARNER and MAY, JJ., concur.