CORTINAS, J.
 

 Josette Nerelus (“Ms.Nerelus”) appeals the final order of the Unemployment Appeals Commission (the “Commission”) affirming Ms. Nerelus’ disqualification from receiving unemployment compensation benefits. We reverse.
 

 On February 1, 2010, Ms. Nerelus received a letter, written in English, from her employer, America’s Dust Busters, Inc. (the “Employer”). Because Ms. Nere-lus neither speaks nor reads English, she had the letter translated, and learned that it was a termination letter. Ms. Nerelus then filed an application for unemployment compensation benefits with the Agency for Workforce Innovation (the “Agency”). The Agency issued a Notice of Determination disqualifying Ms. Nerelus from receiving benefits. Ms. Nerelus filed a timely appeal of the Agency determination and a hearing was held. Although the Employer did not attend the hearing, the Referee, Amanda Klein, found that Ms. Nerelus was disqualified from receiving unemployment compensation benefits, and had been overpaid for the benefits already received. The Referee determined that Ms. Nerelus had voluntarily quit her employment when she failed to inquire further about the letter she had received. The. Commission, on administrative appeal, affirmed the decision of the Referee.
 

 The determination that a claimant voluntarily left employment must be supported by substantial, competent evidence.
 
 Garcia v. Wolf in the Woods,
 
 37 So.3d 313, 315 (Fla. 3d DCA 2010). The Employer did not appear at the hearing, and nothing in Ms. Nerelus’ testimony supported the finding by the Referee that she voluntarily quit her employment. Ms. Nerelus testified at the hearing “I was discharged.” When asked about the contents of the letter she received from her Employer, Ms. Nerelus stated that “the letter said that Manny [the owner] is terminating me.” There was no indication in
 
 *747
 
 her testimony that she was merely being threatened with possible termination, or that her termination was due to misconduct.
 
 [1]
 
 As the only evidence presented was that Ms. Nerelus had received a letter informing her that she had been terminated, there was clearly no substantial, competent evidence to support the Referee’s finding that Ms. Nerelus had quit.
 

 The Commission acknowledges that the burden to prove that a claimant either voluntarily quit her employment or was terminated for misconduct is placed on the Employer.
 
 Garcia,
 
 37 So.3d at 314.
 
 See also Willick v. Unemployment Appeals Comm’n,
 
 885 So.2d 440 (Fla. 2d DCA 2004);
 
 Sienkiewicz v. Intrepid Powerboarts, Inc.,
 
 774 So.2d 739 (Fla. 2d DCA 2000);
 
 Lewis v. Lakeland Health Care Ctr.,
 
 685 So.2d 876 (Fla. 2d DCA 1996). However, the Commission points to
 
 Sienk-iewicz
 
 to support its contention that “[t]he claimant’s own testimony can establish that he or she is not entitled to benefits.”
 
 Sienkiewicz,
 
 774 So.2d at 741.
 
 Sienkiewicz
 
 does not support the Referee’s findings in this case. The Second District illustrated, in
 
 Sienkiewicz,
 
 the circumstances in which an absent employer can satisfy its burden to show that a claimant either quit or was terminated for misconduct by citing a case in which “the claimant testified that he knew his job required him to maintain a valid driver’s license, and he admitted he lost his job because his license was revoked for driving under the influence.”
 
 Id.
 
 (citing
 
 Freve v. Fla. Unemployment Appeals Comm’n,
 
 535 So.2d 649 (Fla. 1st DCA 1988)). Ms. Nerelus gave no indication of misconduct on her part, and no indication that she quit.
 

 The Commission argues that Ms. Nerelus voluntarily left her employment because, due to her inability to understand the letter she had received, she did not conclude she was terminated. However, the unrebutted evidence in this case shows that Ms. Nerelus understood the letter to be a termination letter. Termination must be found when “the words and actions of the employer would logically lead a prudent person to believe his tenure had been terminated.”
 
 LeDew v. Unemployment Appeals Comm’n,
 
 456 So.2d 1219, 1223-24 (Fla. 1st DCA 1984).
 

 In reaching the conclusion that Ms. Ner-elus did not understand the letter, the Referee ignored Ms. Nerelus’ testimony that the letter had been translated for her, and that she clearly understood it to be a termination letter. The Referee appears to have concluded that Ms. Nerelus did not understand the letter on the basis of the Referee’s own failure to grasp Ms. Nere-lus’ inability to understand English. The Referee responded to Ms. Nerelus’ repeated attempts to testify about the contents of the letter by demanding that she read the letter verbatim into the record, which she could not do. When Ms. Nere-lus explained that she could not read English, the Referee asked, “Okay, do you not know what the letter says?” At this point, Ms. Nerelus replied ‘Tes, that is what I am trying to explain to you, to explain to her for me.” Her reply was a clear indication of frustration at the Referee’s refusal to acknowledge Ms. Nerelus’ inability to read English, however, and not a recantation of her testimony that she clearly understood the letter to be a termination letter.
 

 
 *748
 
 Because the Referee did not have substantial, competent evidence to support the finding that Ms. Nerelus voluntarily quit her employment, we reverse.
 

 Reversed.
 

 [1]
 

 . When asked by the Referee about the reasons for her termination, as indicated in the letter, Ms. Nerelus replied "It [the letter] did not say the reason specifically that I was discharged.” This was the only time during the hearing that the possibility of termination for reasons of misconduct was addressed.