PER CURIAM.
To successfully challenge an appeals referee’s findings of fact, an appellant must demonstrate a lack of competent, substantial record evidence supporting the findings. See Borakove v. Fla. Unemployment Appeals Comm’n, 14 So.3d 249, 252 (Fla. 1st DCA 2009). Here, competent substantial evidence in the record supports the appeals referee’s findings. And so we must affirm.
Specifically, claimant testified that she was not intoxicated at work on the day at issue in this case. The appeals referee found this testimony “more credible” than other evidence presented and ultimately resolved material eviden-tiary conflicts in the claimant’s favor. Other evidence, such as highlighted by the dissent, tends to support the employer’s case. But even this other evidence does not uniformly support Appellant’s case. For instance, the claimant’s boss interacted with her before any other witness at 8 a.m. on the day at issue. And the boss’s testimony indicated that that she was not sure if claimant was under the influence of alcohol: “I thought [that] maybe she had drank the night before and not brushed her teeth in the morning, I wasn’t 100 percent sure, but she did seem a little more talkative and outgoing than normal.... But, you know, I wasn’t exactly sure what was going on.” That the appeals referee ultimately made a credibility determination and resolved conflicting evidence in claimant’s favor, was well within her purview. See Heifetz v. Dep’t of Bus. Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985).
Finally, while we would probably not have made the same factual findings as the referee, the claimant’s testimony is competent substantial evidence to support the referee’s decision. And an appeals refer *246 ee’s decision must be accepted if supported by competent substantial evidence. See Sauerland v. Fla. Unemployment Appeals Comm’n, 923 So.2d 1240, 1241 (Fla. 1st DCA 2006); see also Hubbard v. Unemployment Appeals Comm’n, 53 So.3d 1261 (Fla. 4th DCA 2011). The law thus requires us to affirm the decision.