IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STEVEN A. SALVATORE,

     Appellant,

v.

REEMPLOYMENT
ASSISTANCE APPEALS
COMMISSION and YP
SOUTHEAST ADVERTISING,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4843

Opinion filed July 21, 2015.

An appeal from an order from the Reemployment Assistance Appeals
Commission.

Frank E. Brown, Chairman.

Steven A. Salvatore, pro se, Appellant.

Cristina A. Velez, Tallahassee, for Appellee, Reemployment Assistance Appeals
Commission.

Melanie A. Zaharias of Littler Mendelson, P.C., Orlando, for Appellee, YP
Southeast Advertising.

MARSTILLER, J.

Steven A. Salvatore, who quit his sales job with YP Southeast Advertising ("employer") after six weeks of training and four days in the call center, appeals a final order denying his claim for unemployment benefits. The final order, issued by the Reemployment Assistance Appeals Commission ("Commission"), affirmed the decision of the appeals referee, who determined that Mr. Salvatore quit because he did not believe he was up to the job, and that this was not good cause attributable to the employer. We affirm the Commission's final order.

Section 443.101(1)(a), Florida Statutes (2014), provides that an employee is disqualified from receiving reemployment assistance benefits if he or she voluntarily left work without good cause attributable to his or her employing unit, or was discharged for misconduct connected with work. The term "good cause" includes "only that cause attributable to the employing unit which would compel a reasonable employee to cease working or attributable to the individual's illness or disability requiring separation from his or her work." § 443.101(1)(a)1., Fla. Stat. (2014). As contemplated by the unemployment compensation law, "good cause" describes "that which would drive an average, able-bodied worker to quit his or her job." *Ogle v. Fla. Unemployment Appeals Comm'n*, 87 So. 3d 1264, 1267 (Fla. 1st DCA 2012) (quoting *Recio v. Kent Sec. Servs., Inc.*, 727 So. 2d 320, 321 (Fla. 3d DCA 1999)). Once the employer demonstrates that the employee voluntarily left employment, the

employee, to qualify for unemployment benefits, must present evidence to prove that he or she left the employment for good cause attributable to the employer. *See Borakove v. Fla. Unemployment Appeals Comm'n*, 14 So. 3d 249, 251 (Fla. 1st DCA 2009).

Based on the testimony given by Mr. Salvatore and the employer's call center sales operation manager, the appeals referee found:

> The claimant was hired on April 14, 2014, and was separated on June 3, 2014. The employer, YP Southeast Advertising, employed the claimant as a full-time Account Executive. There was continuing work available to him. The claimant was given six weeks of training in his job. He was then released onto the sales floor of the employer, where he was [sic] performed his duties as a Directory Telephone Sales Representative in an outbound call-center. He worked on the sales floor for one week. During this time, he decided that he was not up to the job requirement. He did not talk to anyone in management about his concerns, nor did he approach anyone in the Human Resources Department about his concerns. He resigned without notice, effective immediately. His resignation was accepted.

The referee concluded Mr. Salvatore voluntarily quit his job, but failed to meet his burden to show he left for good cause because the reason he gave (not being up to the job) was not attributable to the employer.

The referee's factual findings are, with one exception, supported by competent, substantial evidence. *See Molly Lewis Sasso, P.A. v. Reemployment Assistance Appeals Comm'n*, 124 So. 3d 244, 245 (Fla. 1st DCA 2013) ("To

3

successfully challenge an appeals referee's findings of fact, an appellant must demonstrate a lack of competent, substantial record evidence supporting the findings."). The one unsupported finding is that Mr. Salvatore "did not talk to anyone in management about his concerns." Although the sales manager who testified before the referee said Mr. Salvatore never raised any issues with her, Mr. Salvatore testified that he told two other managers he was concerned about his unfamiliarity with social media, the use of which apparently was part of the job.

Nevertheless, the referee's remaining findings support the denial of Mr. Salvatore's claim for unemployment benefits. There is no real dispute that he quit his job voluntarily. The question is whether he left the job for reasons "which would compel a reasonable employee to cease working[.]" § 443.101(1)(a)1., Fla. Stat. This is legal conclusion we consider *de novo*. *See generally Ramirez v. Reemployment Assistance Appeals Comm'n*, 135 So. 3d 408, 409 (Fla. 1st DCA 2014).

Mr. Salvatore makes several factual assertions in his initial brief that he did not testify to before the appeals referee. We cannot take those assertions into account, however; we can only consider the testimony given below. Before the referee, Mr. Salvatore stated that he did not have much experience using online services like Craigslist, Facebook and other social media, or using Internet search tools, prior to taking the sales job. And the employer's sales agents use those

4

services and tools to find sales leads. Mr. Salvatore testified he "thought the training was pretty good," though it did not "delve into" the fundamentals of using online services and social media. He testified he made it through the six-week training program, but near the end of the period, still was having difficulties using the online tools, except Craigslist. Once on the phones, he had no problem making sales calls, but still was not comfortable with his online skills. He conveyed his concern to his immediate supervisor who was "condescending" and referred him to YouTube for videos that might help. Mr. Salvatore testified the supervisor "wasn't helpful to me," and he received "no support" from the call center floor manager. He did not, however, explain what support he felt he needed or what specific support he had requested.

We conclude that, even taken together, Mr. Salvatore's reasons for quitting his job after four days do not constitute good cause attributable to the employer. The fact that he was not confident in his online skills simply is not the fault of the employer. Moreover, it does not appear he was hindered in garnering sales leads. He testified his "outbound phone calls . . . were always on top of everybody's. I had no problem doing that." Further, the manager's condescending statements do not rise to the level of verbal abuse courts have found to constitute good cause to leave a job. *Cf. Dempsey v. Old Dominion Freight Lines*, 645 So. 2d 538, 539 (Fla. 3d DCA 1994) (finding that employee had good cause to quit because "the average

5

employee of reasonable sensibilities would feel degraded and humiliated at being the direct recipient of constant profanity at the hands of an employer"); *Gollet Enters. East, Inc. v. Fla. Unemployment Appeals Comm'n*, 630 So. 2d 1166, 1166 (Fla. 4th DCA 1993) (affirming Commission's conclusion that employee had good cause to quit when employer directed profanity at employee and shouted and slammed things). The comments Mr. Salvatore testified to were neither profane nor insulting, and, in our view, would not impel "the average employee of reasonable sensibilities" to quit his job.

The record before us supports the appeals referee's determination that Mr. Salvatore voluntarily quit his job without good cause attributable to his employer. As such, the Commission correctly affirmed the order denying his claim for unemployment benefits.

AFFIRMED.


THOMAS and BILBREY, JJ., CONCUR.

6